**Wallace H. HAWKINS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19295.**

United States Court of Appeals Fifth Circuit.

July 26, 1962.

Larry E. Temple, Austin, Tex., for appellant.

Clinton Ashmore, U. S. Atty., Edward L. Stahley, Asst. U. S. Atty., Richard W. Ervin, III, Asst. U. S. Atty., Tallahassee, Fla., for appellee.

Before CAMERON, JONES and GEWIN, Circuit Judges.

JONES, Circuit Judge.

 This case was before us on a former appeal. Belvin v. United States, 5th Cir. 1960, 273 F.2d 583. The charge of which the appellant was convicted was that, in furtherance of a scheme to defraud insurance companies by faked automobile accidents, he caused Charles E. McLeod to receive a collect telephone call. Two questions are presented on appeal. The first of these is that the record does not show that the indictment was returned in open court as is required by Rule 6(f) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. See

4 Wharton, Criminal Law and Procedure, 12th ed. §§ 1739–1740. The record was subsequently supplemented as authorized by the rules. Rule 75(h), Fed.Rules Civ. Proc., 28 U.S.C.A.; Rule 39(b) (1), Fed. Rules Crim.Proc. See the related case of Glenn et al. v. United States, 5 Cir., 303 F.2d 536, where the same question was raised and where the record was supplemented and corrected as has been done in this case.

■■ The other ground urged by the appellant as a basis for reversal is that the evidence was insufficient to sustain a conviction and his motion for a judgment of acquittal should have been granted. The statute creating the offense of which the appellant stands convicted provides that:

> "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined not more than $1,000 or imprisoned not more than five years, or both." 18 U.S.C.A. § 1343.

The appellant asserts that it was not established that he caused the telephone to be used. There was testimony that appellant and others staged a phony accident, that one of the persons involved, after making a claim against the insurer of his car, made an interstate telephone call to an insurance adjuster which resulted in the payment of $1,800 on the faked insurance claim. The question as to whether the use of the mails was "caused" in a mail fraud case was discussed in the prior opinion in this case where the rule was announced by a quotation from the Supreme Court which we again state:

> "Where one does an act with knowledge that the use of the mails will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended, then he 'causes' the mails to be used." Pereira v. United States, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435; Belvin v. United States, supra.

The rule applies in a wire fraud case as in a mail fraud case. Cummings v. United States, 10th Cir., 1961, 289 F.2d 904, cert. den. 368 U.S. 850, 82 S.Ct. 83, 7 L.Ed.2d 48. The use of the telephone in the settlement and payment of an insurance claim was reasonably to be foreseen and a case was made for the jury. See Glenn et al v. United States, supra.

The judgment of conviction is Affirmed.