**Ronnie J. EVERITT, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19359.**

United States Court of Appeals
Fifth Circuit.

July 26, 1962.

Rehearings Denied Oct. 8, 1962.

Robert B. Reynolds, Houston, Tex., for appellant.

C. W. Eggart, Jr., 1st Asst. U. S. Atty., Pensacola, Fla., Clinton Ashmore U. S. Atty., Edward L. Stahley, Richard W. Ervin, III, Asst. U. S. Attys., Tallahassee, Fla., for appellee.

Before CAMERON, JONES and GEWIN, Circuit Judges.

JONES, Circuit Judge.

The appellant seeks reversal of his conviction for mail fraud. This appeal and Hawkins v. United States, 305 F.2d 658, decided this day, are related cases. Here three grounds are asserted as showing reversible error. The indictment charged mail fraud under 18 U.S. C.A. § 1341, by causing the mails to be used in carrying out a scheme to defraud. The appellant insists that the indictment is fatally defective because of the failure to charge that the appellant "knowingly" caused the mails to be so used. The identical question with respect to an indictment in this form was raised by the appellant in a related case and decided against him. Glenn, et al. v. United States, decided 1962, 303 F.2d 536. See also Hawkins v. United States, supra. We adhere to that decision and resolve the issue against the appellant.

It is urged that the conviction must be reversed because the record does not show that the indictment was returned in open court. This same contention was made and rejected in Hawkins v. United States, supra, and, for the reasons there stated, it is rejected here.

The appellant, while conceding that letters were written, transmitted and delivered, contends that the proof does not show that they were transmitted by mail. The question raised is the same as that which is discussed in the com-

panion case of Stevens v. United States, 306 F.2d 834, decided this day and in which it was held that the evidence presented an issue for jury determination.

■ The appellant, citing the recent case of Parr v. United States, 363 U.S. 370, 80 S.Ct. 1171, 4 L.Ed.2d 1277, is insistent that the mailings, if any there were, did not form an essential part of the fraudulent scheme. The fraud here, in part, was the false representation that highway collisions had occurred which resulted in liability of insurance companies. The transmittal by mail of papers for the purpose of persuading the insurers that such accidents had occurred was a part of the execution of the fraud and one reasonably foreseeable. Pereira v. United States, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435; Belvin v. United States, 5th Cir. 1960, 273 F.2d 583. The acts are within the provisions of the statute.

No reversible error has been committed. The judgment of the district court is

Affirmed.