Richard James **BROWN** and Robert A. Barry, Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 20324.

United States Court of Appeals
Fifth Circuit.

March 4, 1964.

in the territory under discussion. Contracts were signed by the franchise purchasers and by Brown or Barry for National. Down payments were collected by Brown or Barry. Each contract contained a clause providing that it was "subject to acceptance by the company." Following the execution of the contracts and the making of the down payment, letters were sent by mail to a number of customers. These were on letterheads of National which showed Brown and Barry as officers. One of the letters, which was typical of the others, read as follows:

> "This is to acknowledge receipt and approval of your contract, forwarded to this office by our Mr. Barry and Mr. Brown. As we understand it, the balance of your contract $1450.00, will be sight drafted, to your Commercial Saving Bank, Bel Air, Maryland.

> "We here at National Distributors Inc. wish to take this opportunity to welcome you as a member of this organization. Needless to say we wish you every success in this new enterprise. Please rest assured that we are prepared to give you full co-operation in any way desired. Feel free to call upon us at any time."

Neither Brown nor Barry signed any of the letters on behalf of National. The indictment charged that the appellants mailed or caused four letters to be mailed in furtherance of a fraudulent scheme.

John J. Duffy, Clearwater, Fla., for appellants.

Arnold D. Levine, Asst. U. S. Atty., Edward F. Boardman, U. S. Atty., Tampa, Fla., for appellee.

Before TUTTLE, Chief Judge, and PHILLIPS * and JONES, Circuit Judges.

JONES, Circuit Judge.

The appellants were convicted of mail fraud in violation of 18 U.S.C.A. § 1341. The scheme involved the negotiation by Brown and Barry, supposedly on behalf of National Manufacturing and Distributing Company, of franchise agreements under which the other contracting parties were to have the exclusive franchise for the operation of film vending machines within a designated territory. The appellants, in discussing their proposition with prospects, gave the impression that they would have to meet some not too clearly defined qualifications and led their prospects to believe that the franchises were greatly sought after and that other persons were applicants for the franchise

■ There was no direct evidence that the appellants caused the mailing of the letters and the evidence of the circumstances was relied upon by the Government to establish guilt. We are asked by the appellants to invoke the plain error rule and hold that the district court, having given a charge to the jury on reasonable doubt, committed reversible error in not giving an instruction that they must acquit unless they found the evidence to be consistent with guilt and inconsistent with every reasonable hypothesis of innocence. The appellants

---

\* Of the Tenth Circuit, sitting by designation.

also complain that the trial court did not charge the jury that they could not convict on circumstantial evidence unless they found such evidence to be strong and convincing. No such instructions were requested. In a similar situation this Court has said:

"* * * not only did appellants fail to comply with Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., since they did not request such a charge, but even if they had it would not have been error for the trial court to have refused it. Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150." Wood v. United States, 5th Cir. 1961, 287 F.2d 810, cert. den. sub nom. Lovett v. United States, 368 U.S. 818, 82 S.Ct. 35, 7 L.Ed.2d 25.

The rule stated is applicable here and disposes of the appellants' first contention.

■ The appellants strongly insist that it does not appear that the letters, which were the subject of the indictments and the corpus delicti of the offenses, were in execution of the scheme to defraud. We do not think this follows. The evidence showed a plan· of persuading the appellants' prospects to believe that each was "one man among a thousand," to be honored and benefited by a participation in the highly profitable enterprise. It was important that the participants in the fraudulent plan remain sold on it. The contracts, by their terms, required company acceptance. The letters met this requirement. There were contract balances unpaid which the appellants hoped would be paid. The letters were in execution of the fraudulent scheme and the fraud had not, in any instance, been completed when the letters were sent. It may not have been clearly shown that the appellants knew that the letters were to be written, but they were such an integral part of the scheme that the writing of the letters and the use of the mails for their delivery were to be foreseen and contemplated.

Similar in many respects to the case before us is United States v. Sampson, 371 U.S. 75, 83 S.Ct. 173, 9 L.Ed.2d 136, where solicitors procured from victims of the fraud payments with applications which required acceptance. Letters of acceptance were written promising cooperation. It was held that these letters, although written after the money was obtained, were a part of the plan and the mailing of them was in violation of 18 U.S.C.A. § 1341.

■ The statute is violated if the mailing is in execution of the plan. The mailing is not in execution of the plan if the use of the mails is only collateral, or made after the scheme has been fully consummated. It is in execution of the plan if it is in furtherance of it, and the use of the mails should have been reasonably contemplated. Milam v. United States, 5th Cir. 1963, 322 F.2d 104; Adams v. United States, 5th Cir. 1963, 312 F.2d 137; Everitt v. United States, 5th Cir. 1962, 306 F.2d 839; Sherwood v. United States, 5th Cir. 1962, 300 F.2d 603, cert. den. 371 U.S. 838, 83 S.Ct. 65, 9 L.Ed.2d 74; Abbott v. United States, 5th Cir. 1956, 239 F.2d 310.

The appellants rely heavily upon Getchell v. United States, 5th Cir. 1960, 282 F.2d 681. This case is clearly distinguishable on its facts from the case here. As appears in the opinion, the letter relied upon as a mailing was mailed after the alleged fraudulent sale of stock had been completed and full payment had been made. There were no offers, promises or representations in the letter and its only purpose was to confirm a stock subscription and make inquiry as to how the certificates should be issued. The letter was held to be not in furtherance of a fraudulent scheme, but merely collateral to it.

The judgment of the district court is

Affirmed.