**Clinton Thiel STEPHENS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 22497.

United States Court of Appeals Fifth Circuit.

Dec. 29, 1965.

Rehearing Denied Jan. 31, 1966.

William N. Hamilton, Dallas, Tex., (Court-appointed), for appellant.

B. H. Timmins, Jr., Asst. U. S. Atty., Dallas, Tex., William O. Callaway, Jr., Asst. U. S. Atty., for appellee.

Before JONES, Senior Judge,[*] and GEWIN and BELL, Circuit Judges.

PER CURIAM:

The appellant was tried and convicted of violating the mail fraud statute, 18 U.S.C.A. § 1341. He seeks a reversal because: (1) his motion for a judgment of acquittal made at the conclusion of the Government's case was not granted; and (2) an alleged fatal variance between the evidence and the charge contained in the indictment.

When the motion for acquittal was made, the trial judge reserved his ruling until the conclusion of the evidence. The motion was not renewed and there was no ruling on it. In these circumstances we must consider the state of the evidence when the motion was made. The test is whether, viewing the evidence presented most favorable to the Government, a reasonable-minded jury could accept the relevant and admissible evidence as adequate and sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt. Riggs v. United States (5 Cir. 1960) 280 F.2d 949.

As to the variance, the appellant points to the fact that the indictment charges use of the mails for delivery of a letter

4. Cf. McLaughlin v. Pacific Lumber Co., 293 U.S. 351, 55 S.Ct. 219, 79 L.Ed. 423, and Spokane Dry Goods Co. v. Commissioner, 9 Cir., 125 F.2d 865.

* Of the Court of Claims, sitting by designation.

to a specific addressee named therein. He contends that the evidence fails to establish use of the mails, but even if it did there is a lack of proof that the letter in question was addressed to the person named in the indictment.

■ We are unable to agree with the contentions of the appellant and his interpretation of the evidence. We have carefully examined the evidence presented prior to the motion for acquittal and consider it sufficient to sustain the conviction. Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314, 1315 (1935); Cortez v. United States (5 Cir. 1964) 328 F.2d 51; Brown v. United States (5 Cir. 1964) 328 F.2d 652; Milam v. United States (5 Cir. 1963) 322 F.2d 104; Steiner v. United States (5 Cir. 1943) 134 F.2d 931, cert. den. 319 U.S. 774, 63 S.Ct. 1439, 87 L.Ed. 1721; Corbett v. United States (8 Cir. 1937) 89 F.2d 124.

The judgment is affirmed.