**UNITED STATES of America,
Appellee,**

v.

**William Ernest BAKER, Appellant.**

**No. 696–69.**

United States Court of Appeals,
Tenth Circuit.

Oct. 16, 1970.

David M. Ebel, Denver, Colo., for appellant.

Richard Oxandale, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty., Wichita, Kan., with him on the brief), for appellee.

Before LEWIS, Chief Judge, and HICKEY * and HOLLOWAY, Circuit Judges.

PER CURIAM.

Baker was convicted of a Dyer Act violation, 18 U.S.C. § 2312, the unlawful interstate transportation of a motor vehicle. He appeals, challenging the sufficiency of the evidence to support the judgment of conviction. This court, noting some procedural confusion in the record, requested the parties to address themselves to the question of the jurisdictional timeliness of the appeal through

---

* Judge Hickey, since deceased, heard the arguments in this case but did not participate in this decision.

briefs filed after the submission of the case on the merits. We now conclude that appellant's post-conviction motion entitled "Motion to Renew Defendant's Motion for Acquittal" should be construed as containing allegations sufficient to constitute a motion for new trial. Although such a combined motion is no longer specifically authorized under Fed. R.Crim.P. 29, its use is not specifically prohibited. *See* 2 Wright, Fed. Practice and Procedure, § 551, p. 484. Under this view and the indicated construction of appellant's motion, the appeal is timely.

■ The primary thrust of appellant's contention of insufficient evidence rests on the claim that the government failed to prove with specificity that the subject automobile was recently stolen. The sufficiency of the evidence in regard to other elements of the offense is not disputed.

The registered owner of the car was Ronald Collman. Collman was in the military service both at the time of the alleged theft and at the time of trial. He did not testify at trial being then in Viet Nam. Mrs. Collman testified that her husband, in anticipation of a ten-day leave in April 1969, requested her to have the car put in running condition. Mrs. Collman's brother, Alan Carter, testified that he took the Collman car to a service station in Norwalk, California, to have the battery charged and other minor maintenance work done so that Mr. Collman would have its use during his leave. The service station was operated by John Shaw. Mr. Shaw testified, by stipulation, that on the night of April 10 he left the Collman car locked in the service bay of the station and that the station was locked; that the following morning the car was missing and the station unlocked but not forcibly broken into; that he had given no one permission to take the car; that until April 10, appellant's brother, John Wesley Baker, had been regularly employed at the station and had a set of keys to the station; that both appellant and his brother had admired and inspected the car while it was in the service bay.

Appellant was arrested on April 12, 1969, near Yates Center, Kansas, for a traffic violation while driving the subject car. His brother was then a passenger in the car and was then pointed out by appellant as the owner. Appellant later recanted and stated that he and his brother were driving the car to Canada for the true owner. Neither appellant nor his brother testified at trial.

Pointing to the fact that no witness, other than Shaw, specifically negatived a permissive use of the car by appellant it is urged that evidence of a theft rises no higher than that of suspicion. We do not agree with this conclusion but do agree that a more careful prosecution could have been presented. However, the evidence does clearly establish a chain of lawful custody terminating with the witness Shaw who did negative a permissive use of the car by appellant. We consider the evidence sufficient to support a determinative finding that the car was stolen and the evidentiary background clearly distinguishable from and qualitatively superior to that considered by this court in Lewis v. United States, 420 F.2d 1089.

Other contentions made by appellant have been considered, are without merit, and need no discussion.

Affirmed.