**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Fernando Medina CANTU, Defendant-
Appellant.**

**No. 72–2391
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 22, 1972.

Roger C. Rocha, Lazaro Garza-Gonoora, Jr., Laredo, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., Anthony C. Aguilar, Asst. U. S. Atty., Laredo, Tex., for plaintiff-appellee.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

In a three count indictment Cantu was charged with (1) conspiracy to possess and distribute marihuana; (2) possession with intent to distribute; and (3) distribution of nineteen pounds of marihuana, all in violation of 21 U.S.C.A. § 841(a)(1). He was found guilty of the conspiracy count and not guilty of the distribution count. Count 2 was withdrawn from the jury and dismissed. On appeal Cantu complains of the refusal of the district court to grant his motion for a bill of particulars. He further asserts that the evidence was insufficient to support the conviction for conspiracy. We affirm.

■ Absent a showing of clear abuse of the trial court's sound discretion, or prejudice to substantial rights of the defendant, the denial of a bill of particulars is not ground for reversal. *See* United States v. Bearden, 5 Cir. 1970, 423 F.2d 805, cert. denied, 400 U.S. 836, 91 S.Ct. 73, 27 L.Ed.2d 68; Buie v. United States, 5 Cir. 1969, 420 F.2d 1207, cert. denied, 398 U.S. 932, 90 S.Ct. 1830, 26 L.Ed.2d 97. We find neither an abuse of discretion nor prejudice on the record before us.

■ The thrust of Cantu's insufficiency of evidence argument is that, since the jury acquitted him of the substantive offense charged in Count 3, and the district court dismissed the substantive offense charged in Count 2, the evidence must have been insufficient to convict him of the conspiracy charged in Count 1. This, of course, does not follow. Where the offenses are separately charged in counts of a single indictment, each count must be tested independently against the evidence. If supported, it must stand. "Consistency in the verdict is not necessary." Dunn v. United States, 1932, 284 U.S. 390, 393, 52 S.Ct. 189, 190, 76 L.Ed. 356; *see* Tyler v. United States, 5 Cir. 1968, 397 F.2d 565, 570, cert. denied, 1969, 394 U.S. 917, 89 S.Ct. 1187, 22 L.Ed.2d 450; United States v.

Carbone, 2 Cir. 1967, 378 F.2d 420, 421–423, cert. denied, 1967, 389 U.S. 914, 88 S.Ct. 242, 19 L.Ed.2d 262; Coil v. United States, 8 Cir. 1965, 343 F.2d 573, 576, cert. denied, 1965, 382 U.S. 821, 86 S.Ct. 48, 15 L.Ed.2d 67. *See also* United States v. Holmes, 7 Cir. 1971, 92 S.Ct. 1291, 31 L.Ed.2d 479; United States v. Cowley, 10 Cir. 1971, 452 F.2d 243, 247.

Affirmed.