UNITED STATES of America,
Plaintiff-Appellee,

v.

Askold KOHLMANN, Defendant-Appellant.

No. 73-3425
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 29, 1974.

---

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Lawrence S. Katz, Miami Beach, Fla. (Court-appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., Barbara E. Vicevich, Trial Atty., Miami, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

AINSWORTH, Circuit Judge:

The defendant, Askold Kohlmann, was indicted on two counts, the first count charging illegal importation of approximately 116 grams of cocaine, in violation of 21 U.S.C. § 952(a), and the second count charging possession with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1). A jury found the defendant guilty on the first count and not guilty on the second count. He was sentenced to nine months' incarceration and a three-year special parole term. On appeal, the defendant claims that the district court erred in denying his motion for judgment of acquittal, or, in the alternative, a motion for a new trial. *See* United States v. Baker, 10 Cir., 1970, 432 F.2d 994; C. Wright, Federal Practice and Procedure § 551, at 484 n. 16 (1969). His principal contention is that the Government failed to prove beyond a reasonable doubt that he was sane at the time of the commission of the offense of which he was convicted and was thus possessed of the requisite criminal intent. *See* Blake v. United States, 5 Cir., 1969, 407 F.2d 908 (en banc). We affirm.

Prior to commencement of the trial, the defendant and counsel for the defendant and for the Government stipulated that the defendant understood the nature of the charges against him and was competent to stand trial and to assist in his defense. It was also stipulated that the substance taken from the defendant was, in fact, 116 grams of cocaine, and that the chain of custody for the cocaine need not be proven when it was introduced in evidence.

The Government's case at trial consisted principally of testimony concerning the arrest of the defendant at the Miami International Airport. Upon his arrival on a flight from Jamaica, examination of his luggage revealed an adhesive tape package containing the cocaine. The testimony also related certain statements made by the defendant, after being advised of his rights, to the effect that he was neither a user nor a pusher, but was only carrying the cocaine for a friend; that if defendant had gone to a male rather than a female inspector, he would not have been discovered; and that no fuss should be made over his action because it would soon be legal.

At the close of the Government's case, the defense presented the testimony of a psychiatrist, a psychologist, and the sister of the defendant. In rebuttal, the Government presented another psychiatrist. The three experts agreed that the defendant was suffering from a mental disorder, paranoid ideation, but the doctors differed on the effect of this disorder on the ability of the defendant to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law. The defense psychiatrist testified that the defendant was incapable of conforming his conduct to the requirements of the law, but that, at the time of their interview, the defendant did understand that the law says his act was wrong. The defense psychologist stated that the defendant was schizophrenic and could neither appreciate the wrongfulness of his conduct nor conform his conduct to the requirements of the law. The Government psychiatrist testified that, although the defendant was suffering from a mental disease, it was not of such magnitude to make him either incapable of appreciating the wrongfulness of his conduct or of conforming his conduct to the requirements of the law. Defendant's sister testified to certain unusual behavior on the part of the defendant in past years.

"A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law." Blake v. United States, 5 Cir., 1969, 407 F.2d 908, 916 (en banc). An accused may, however, have a mental disorder or deficiency and still be mentally competent to be held legally responsible for his crime. Mims v. United States, 5 Cir., 1967, 375 F.2d 135, 142. Where there is a reasonable doubt as to the defendant's sanity at the time of the commission of the crime, the case is properly submitted to the jury, for the jury is charged with assessing the criminal responsibility of the accused. Id. at 142–143. This includes the determination whether the legal test of insanity has been met. Id. Consequently, although the doctors agreed that the defendant was suffering from a mental disorder, in light of the conflicting evidence on the defendant's ability either to appreciate that his conduct was wrong or to conform his conduct to the law, the case was properly submitted to the jury. See United States v. Harper, 5 Cir., 1971, 450 F.2d 1032, 1037. In addition to the expert testimony, the jury, in determining the sanity question, could also consider the statements made by the defendant shortly after his arrest at the airport.[1]

---

1. *See* United States v. Harper, 5 Cir., 1971, 450 F.2d 1032, 1037:

   The issue of the defendant's insanity, when raised as a defense to a criminal prosecution, is to be decided by the jury on the basis of all the evidence. Therefore, although expert opinion evidence on the issue cannot be arbitrarily ignored, it is not binding upon the jury. Rather it is only advisory in nature. Indeed, it is the jury's function to assess the credibility of the expert witnesses and the weight to be given to their testimony. Mims v. United States, 5 Cir. 1967, 375 F.2d 135, 140–143.

The applicable standard on a motion for judgment of acquittal is whether "viewing the evidence presented most favorable to the Government, a reasonable-minded jury could accept the relevant and admissible evidence as acquate and sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt." Stephens v. United States, 5 Cir., 1965, 354 F.2d 999; Weaver v. United States, 5 Cir., 1967, 374 F.2d 878, 881; Sanders v. United States, 5 Cir., 1969, 416 F.2d 194, 196, cert. denied, 397 U.S. 952, 90 S.Ct. 978, 25 L.Ed.2d 135 (1970). The evidence adduced was sufficient to support the jury's conclusion of criminal responsibility on Count I of the indictment charging illegal importation of the cocaine.

Defendant also urges that the jury's verdict is inconsistent and has no rational basis because the defendant was found guilty on Count I of the indictment and not guilty on Count II, the charge of possession with intent to distribute the cocaine. A careful review of the record, however, discloses that the jury could reasonably arrive at differing conclusions with respect to the two counts. *See* United States v. Cantu, 5 Cir., 1972, 469 F.2d 679, cert. denied, 411 U.S. 908, 93 S.Ct. 1536, 36 L.Ed.2d 197 (1973). Moreover, even if we assume that the jury's verdict is inconsistent or is the result of a compromise, this is not cause for speculation or inquiry into the verdict on our part. Dunn v. United States, 284 U.S. 390, 393–394, 52 S.Ct. 189, 190–191, 76 L.Ed. 356 (1932); United States v. Cantu, *supra*; Rua v. United States, 5 Cir., 1963, 321 F.2d 140, 143, cert. denied, 377 U.S. 969, 84 S.Ct. 1651, 12 L.Ed.2d 738 (1964).

Defendant's motion for judgment of acquittal, or, in the alternative, motion for a new trial, was properly denied by the district court.

Affirmed.