UNITED STATES of America,
Plaintiff-Appellant,

v.

J. Marshall BROWN, Defendant-Appellee.

No. 77–2638.

United States Court of Appeals,
Fifth Circuit.

Jan. 2, 1979.

William L. Harper, U. S. Atty., Robert H. McKnight, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellant.

Mark J. Kadish, Atlanta, Ga., for defendant-appellee.

Before COLEMAN, GEE and HILL, Circuit Judges.

JAMES C. HILL, Circuit Judge:

In this appeal[1] we are called upon to review one order[2] of the district judge.

1. Brown moved to dismiss the government's appeal, but that motion was denied by this Court on October 11, 1977.

2. ORDER GRANTING JUDGMENT OF ACQUITTAL

However, the circumstances ultimately producing that order are important to our consideration. In this criminal case the prosecution presented the testimony of a witness who had been permitted to plead guilty to the same offense as charged against the defendant on trial. It was the key evidence against the defendant. Thereafter, the defendant produced the government witness' estranged wife, who was prepared to give testimony designed to impeach her husband. In apparent solicitude of his witness' family relationship, government counsel suggested that his witness might want to invoke the marital privilege. Thus prompted, the husband did so. After a full hearing, the district judge concluded that the wife's proffered testimony must be excluded even though, during the entire hearing outside the presence of the jury, the wife had freely testified before the judge while the husband sat silently and listened.

After the jurors, who had not heard the impeaching testimony, returned a verdict of guilty, the trial judge declared, "It offends this Court's sense of justice to enter a judgment of conviction based upon evidence which may very well be found to be perjurious," and, *sua sponte,* devised and entered an order acquitting the defendant or, in the alternative, announcing the court's willingness to grant a new trial should the government present a valid waiver of the marital privilege.

Inasmuch as the court had no jurisdiction to grant a new trial and inasmuch as there was sufficient evidence to support the conviction, we must vacate the trial judge's order and remand the case. No sentence has yet been imposed. Testing the exclusion of the proffered impeaching testimony must await any appeal which might be taken by the defendant following sentencing.

## I.

J. Marshall Brown was charged in a one-count indictment with knowingly causing a fraudulently obtained check to be transported in interstate commerce in violation of 18 U.S.C.A § 2314. Brown was the president and owner of two insurance agencies located in Gretna, Louisiana. James A. Heinritz was the executive vice-president and manager of these same agencies. One of Brown's largest clients, Fernando J. Cuquet, president of three warehouse corporations, was substantially in debt to the two insurance agencies. In order to alleviate this problem, Brown and Heinritz allegedly devised a scheme whereby the existing indebtedness on expired policies could be financed in connection with the financing of two new fire insurance policies on Cuquet's warehouses. To implement this plan, a false premium financing application, prepared by Heinritz and signed by Brown, was submitted to Agency Premium Services (APS), an agency in the business of financing insurance premiums.

Under the financing arrangement proposed in the application, a total of $192,434 was to be paid for three-year prepaid fire insurance policies. This amount was to be composed of an $81,314.89 down payment by Cuquet and APS's $111,119.11 loan. The financing arrangement was approved by

---

Defendant's conviction by a jury was based, at least in part, upon evidence which a jury might have found perjurious if the impeaching evidence, which very well could have been found to be highly credible, had been submitted to the jury. It was not, however, upon objection based upon marital privilege.

It offends this Court's sense of justice to enter a judgment of conviction based upon evidence which may very well be found to be perjurious.

Consequently, this Court, *sua sponte,* intends to vacate its prior oral order overruling defendant's motion for judgment of acquittal at the close of the government's Case in Chief and will set aside the jury verdict of guilty upon the conditions set forth below.

Unless the Court receives within 30 days a waiver of marital privilege with respect to the witness Heinritz, executed with the advice of personal counsel, the Court will thereupon enter a judgment of acquittal. If such a waiver is received, and the defendant within that same time files a motion for new trial, such latter motion will be granted instead. This order shall not take effect until the happening latter event or the expiration of the time set.

SO ORDERED, this 11 day of July, 1977.

S/   CHARLES A. MOYE, JR.

UNITED STATES DISTRICT JUDGE

APS and Heinritz made a trip to Atlanta to pick up the check.

The down payment from Cuquet, of course, was never forthcoming, and most of the loan proceeds were disbursed in favor of companies in which Brown was financially involved.

Heinritz pled guilty to the one-count indictment, and prior to his testimony as a government witness, was sentenced to a term of probation. The gist of Heinritz's testimony was that Brown had created the plan upon which Heinritz had acted, and that he had cooperated with Brown only out of a fear for his personal safety, an apprehension allegedly caused by threats made to him by Brown.

In an attempt to impeach Heinritz, Brown called Heinritz's wife to testify. At this point, counsel for the government requested a bench conference, raising the potential applicability of the marital privilege for confidential communications. The court declared a brief recess during which Brown's attorney was allowed to question Mrs. Heinritz, out of the presence of the jury, in order to determine if the privilege was applicable and if Heinritz wished to claim the privilege. Mrs. Heinritz explained the circumstances surrounding the confidential communications between her and her husband and further testified, in response to questions by Brown's attorney, that on the evening Heinritz returned from testifying before the Grand Jury, he told her that he had lied to the Grand Jury concerning Brown's threats to him. She also testified that Heinritz told her, on a separate occasion, that he had entered the Witness Protection Program to "make him look good." Sitting only a few feet away from Mrs. Heinritz and listening carefully to her testimony was Heinritz himself. He did not object to the disclosure of the communications at that time, but when asked by the trial judge later, he invoked the

privilege. After argument by counsel, the court upheld the assertion of the marital privilege as to confidential communications, thereby preventing Mrs. Heinritz from testifying.[3] Brown's oral motion for judgment of acquittal was then denied by the trial court.

After a relatively short period of deliberation, the jury returned a guilty verdict to conclude this seven-day trial. No written documents of any kind were filed in the case from the date of the jury's verdict on June 6, 1977, until the date of the order on July 11, 1977.

II.

In examining the propriety of the trial court's order, we treat the conditional grant of new trial separate from that portion of the order granting a judgment of acquittal. The district court specified in its order that it would grant a new trial if, within 30 days from the date of the order, the government obtained a waiver of marital privilege from witness Heinritz and if, within that same time, the defendant filed a motion for new trial.

█ We hold that the trial court had no power to order a conditional new trial after more than a month had passed without the filing of a motion for new trial by defendant Brown. A district court has no jurisdiction to consider a new trial motion filed beyond the seven-day time limit[4] contained in Rule 33, and it is powerless to order a new trial except on the motion of the defendant. Fed.R.Crim.P. 33; *United States v. Beran*, 546 F.2d 1316, 1319 n.1 (8th Cir. 1976), *cert. denied*, 430 U.S. 916, 97 S.Ct. 1330, 51 L.Ed.2d 595 (1977). After the expiration of the seven-day time period following the guilty verdict in this case, the district court had no jurisdiction, under the plain meaning of Rule 33,[5] to enter an order purporting to enlarge the time within which Brown could file a motion for new trial.

---

**3.** Other witnesses, including Mrs. Heinritz's priest, an attorney and a customs agent, were under subpoena and stood ready to corroborate her testimony.

**4.** A motion for new trial based on the ground of newly discovered evidence may be made within two years after final judgment. Fed.R.Crim.P. 33.

**5.** Fed.R.Crim.P. 33 provides:

*Lujan v. United States,* 204 F.2d 171 (10th Cir. 1953). Thus, we conclude that the district court had no power to grant a new trial, conditional or otherwise, nor did he have the power to enlarge the time for filing a motion for new trial.

■ In discussing the portion of the order granting a judgment of acquittal, we assume without deciding that the trial judge had the *power* to enter such an order;[6] nonetheless, we find that he exceeded his *authority* in doing so. The applicable standard for ruling on a motion for judgment of acquittal is whether "viewing the evidence presented most favorable to the Government, a reasonable-minded jury could accept the relevant and admissible evidence as [adequate] and sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt." *United States v. Kohlmann,* 491 F.2d 1250, 1253 (5th Cir. 1974); *Stephens v. United States,* 354 F.2d 999 (5th Cir. 1965). It is not properly the function of the court, in ruling on such a motion, to assess the credibility of witnesses, weigh the evidence, or substitute its own judgment as to guilt or innocence for that of the jury. *Riggs v. United States,* 280 F.2d 949 (5th Cir. 1960); 2 Wright, *Federal Practice and Procedure* § 467 (1969). It is clear that the district court in this case did not evaluate the government's evidence and make a determination that it was legally insufficient to support a conviction. (Indeed, our independent review of the record compels our conclusion that the evidence was sufficient.) Instead, the explicit reason given by the trial judge for granting the judgment of acquittal was his concern that Brown's conviction "was based, at least in part, upon evidence which a jury might have found perjurious if the impeaching evidence . . . had been submitted to the jury." In reflecting on the events at trial, the district judge apparently felt either that the decision to uphold the privilege was erroneous,[7] or that a conviction based upon the testimony of a witness known by the judge (but not the jury) to have been subject to strong impeachment was fundamentally unfair. Although we can understand the district court's desire to correct a perceived injustice, we nevertheless are constrained to hold that once the government's evidence has passed the test of legal sufficiency, a trial judge is without authority to enter a judg-

The court on motion of a defendant may grant a new trial to him if required in the interest of justice. If trial was by the court without a jury the court on motion of a defendant for a new trial may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment. A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty or within such further time *as the court may fix during the 7-day period.* (emphasis added)

6. This case does not involve the conceded lack of jurisdiction of a district court to consider an untimely motion for judgment of acquittal, *see, e. g., United States v. Johnson,* 487 F.2d 1318 (5th Cir.), *cert. denied,* 419 U.S. 825, 95 S.Ct. 41, 42 L.Ed.2d 48 (1974); *Rowlette v. United States,* 392 F.2d 437 (10th Cir. 1968), because no post-verdict motion for judgment of acquittal was filed in this case. Instead, this case involves a *sua sponte* order of the district judge vacating a prior denial of a motion for judgment of acquittal made at the close of the government's case. Appellee argues that the seven-day time limit contained within Fed.R. Crim.P. 29(c) is inapplicable to the present case, because the district court relied upon its inherent authority to vacate a prior erroneous ruling. Because of our result, we need not reach this issue.

7. In this appeal both sides have briefed the underlying issue of whether the trial court properly upheld the claim of marital privilege. Although we express no opinion with respect to this issue because it is not properly before us, we find Brown's argument that an evidentiary privilege can be outweighed by a defendant's Sixth Amendment right of compulsory process an intriguing one. *See, e. g., Washington v. Texas,* 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967); *Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973); *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *United States v. Nixon,* 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). *See generally,* Note, Defendant v. Witness: *Measuring Confrontation and Compulsory Process Rights Against Statutory Communications Privileges,* 30 Stanford L.Rev. 935 (1978).

ment of acquittal "simply because he thinks that course would be most consonant with the interests of justice." *United States v. Weinstein,* 452 F.2d 704, 715 (2d Cir. 1971), *cert. denied,* 406 U.S. 917, 92 S.Ct. 1766, 32 L.Ed.2d 116 (1972).

Accordingly, the district court's order of July 11, 1977, is vacated and the case remanded for entry of judgment of conviction and sentencing. Because of the procedural posture of this case, we reiterate that we are unable to rule upon the merits of the trial court's decision to uphold the claim of privilege. The only issue properly before this court is the validity of the district court's order of July 11, 1977.[8] Should defendant Brown choose to appeal from the judgment of conviction and sentence entered thereupon, then the correctness of the district court's ruling on Mrs. Heinritz's proffered testimony would be presented for review.

VACATED and REMANDED.

---

8. The notice of appeal filed by the government reads as follows:

Notice is hereby given that the United States of America, plaintiff in the above-captioned case, hereby appeals to the United States Court of Appeals for the Fifth Circuit from the order of the trial judge entitled "Order Granting Judgment of Acquittal," entered in this action on the 14th day of July, 1977.