**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Miguel NAVARRO VIAYRA; Manuel
Alvarez Guerra, Defendants–
Appellees.**

Nos. 02–10325, 02–10336, 02–10340.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 13, 2004.

Filed April 21, 2004.

John K. Vincent, McGregor W. Scott, Thomas E. Flynn, and Laura Swartz U.S. Attorney's Office, Sacramento, California, for appellants-cross-appellees United States of America.

Quin Denvir and Caro Marks, Federal Defender, Sacramento, California, for appellees-cross-appellants Miguel Navarro Viayra and Manuel Alvarez Guerra.

Before: WALLACE, McKEOWN, and CALLAHAN, Circuit Judges.

McKEOWN, Circuit Judge:

The question of first impression that we must resolve is whether, in a criminal case, a district court may grant a new trial absent a request by the defendant. Specifically, may a court sua sponte convert a Federal Rule of Criminal Procedure 29 motion for judgment of acquittal into a Federal Rule of Criminal Procedure 33 new trial motion? The answer to this question lies in the text of the rules and the accompanying Advisory Committee Notes, which pointedly distinguish the two rules and the role of the court and of counsel. We conclude that a district court lacks authority to grant a new trial on its own motion.

## I. BACKGROUND

This case arises out of drug and firearm charges in connection with a marijuana cultivation site in the Mendocino National Forest. At trial, both Miguel Viayra and Manuel Guerra argued that they were forced to work at the marijuana cultivation site and had no reasonable opportunity to escape.

Counsel for both defendants made Rule 29 motions for acquittal at the close of the government's case and again at the close of evidence. The jury found the defendants guilty of the drug counts (one and two), and deadlocked on the gun counts (three, four, and five).

After the jury verdict, both defense attorneys orally renewed the motions for acquittal. Neither attorney made a motion for a new trial. The court directed counsel to file briefs supporting the motions and gave them several extensions of time to file. After the Rule 29 briefs were filed, the government unsuccessfully argued that the motions should be dismissed as untimely.

The court denied the motions for acquittal on counts one and two. Concluding, however, that it had the power to convert the Rule 29 motions into motions for a new trial under Rule 33, the court ordered a new trial on those counts. The government immediately filed a notice of appeal from that order. After the appeal was filed, defense counsel asked the court to consider the outstanding Rule 29 motions on the gun charges (counts three, four, and five) and also filed a cross-appeal challenging the court's failure to rule on their Rule 29 motions on the gun counts. The district court declined to rule on the Rule 29 motions on the gun counts, taking the position

that the cross-appeals had divested it of jurisdiction.

## II. DISCUSSION

### A. TIMELINESS OF MOTION FOR JUDGMENT OF ACQUITTAL

As a preliminary matter, we address the government's argument that the defendants' motions for judgment of acquittal were untimely under Rule 29(c)(1) and invalid because Rule 47 requires motions to be made in writing.

■ Motions for judgment of acquittal must be made within seven days after the verdict or the discharge of the jury or "within any other time the court sets during the 7–day period." Fed.R.Crim.P. 29(c)(1). Here, the defense made oral motions immediately following the guilty verdict. Viayra's counsel stated, "I'm renewing my Rule 29 motion .... as to every count," and Guerra's attorney joined the motion. The court acknowledged the motions and set a briefing schedule. Counsel and the court engaged in considerable back and forth on the briefing schedule in the months following the verdict.

The government maintains that because the defendants did not adhere to the court's briefing deadlines, the motions were perforce untimely. This argument ignores the difference between the oral motions and the follow-up briefing. The motions were timely when made after the verdict, as the district court acknowledged on several occasions. For example, in response to defense counsel's request for more time to file briefs in support of the motion, the court said: "I can give you more time. You made your motion in court." In two separate orders, the district court confirmed that the motions were made after the verdict. In its order granting a new trial, the district court stated: "The defendants renewed their Rule 29 motions after the jury returned its verdict." In an order issued in response to the government's motion to dismiss Viayra's Rule 29 motion as untimely, the district court explained: "Viayra made a Rule 29 motion immediately after the jury returned a verdict. The parties were then allowed time to brief that motion...."

■ Stretching Rule 47 to the extreme, the government contends that the oral motions had to be in writing because they were not made during a trial or hearing. Rule 47(b) provides otherwise: "A motion—except when made during a trial or hearing—must be in writing, unless the court permits the party to make the motion by other means." Fed.R.Crim.P. 47(b). Rule 47 could not be any clearer: even outside the context of a trial or hearing, a district court may accept motions made "by other means" (i.e., orally). *Id.* In addition, oral motions made immediately after a verdict is announced surely constitute motions "made during a trial or a hearing."

In common sense terms, the motions were part of the trial process. In the nanosecond between the verdict and the motions, the trial did not end. Even if a hypertechnical view leads to the conclusion that the trial had ended, then surely a post-trial hearing had begun. Either way, a written motion was not required.

The realities of trial practice support this view. A motion for judgment of acquittal is often made orally following the verdict. Because such a motion is required to preserve certain arguments on appeal, trial counsel is understandably anxious to get the motion on the record. The fact that an oral motion is often followed by more detailed briefing does not change the fact that the motion was made. The oral motions were both timely and sufficient.

█ Finally, the government asks us to invalidate the motions because the grounds were not explicitly stated in the oral motions, as required by Rule 47. Fed. R.Crim.P. 47(b) ("motion must state grounds on which it is based"). Several of our sister circuits have held that Rule 29 motions for acquittal do not need to state the grounds upon which they are based because "the very nature of such motions is to question the sufficiency of the evidence to support a conviction." *United States v. Gjurashaj*, 706 F.2d 395, 399 (2d Cir.1983); *see also United States v. Dandy*, 998 F.2d 1344, 1356 (6th Cir.1993); *United States v. Spinner*, 152 F.3d 950, 955 (D.C.Cir.1998); 2A Charles Alan Wright, *Federal Practice and Procedure* § 466 (3d ed. 2000) ("Specificity is not required by Rule 29 or by Rule 47 [for motions for judgment of acquittal]."). We agree with this analysis and further note that the defendants' motions were predicated on grounds articulated in the previous motions.

## B. RELATIONSHIP BETWEEN RULE 29 AND RULE 33

█ The government challenges the district court's authority to convert a motion for acquittal into a motion for a new trial, bringing before us an issue of first impression. We review de novo the district court's interpretation of the Federal Rules of Criminal Procedure. *United States v. Carper*, 24 F.3d 1157, 1158–59 (9th Cir.1994).

The district court denied the motion for acquittal on the ground that "apply[ing] the Rule 29 standard and view[ing] the evidence in the light most favorable to the government, the defendants' motions would not be granted." The court found, however, that the denial would result in a "substantial miscarriage of justice" and thus sua sponte converted the Rule 29 motions to Rule 33 motions and granted a new trial. The court reasoned that it had authority to grant a new trial because the rules do not explicitly preclude it from doing so. The district court's logic and sentiment are understandable, especially in light of its evaluation of the evidence. Nonetheless, we conclude that the language and structure of the rules preclude such a sua sponte conversion.

█ We first look at Rule 29 to see if it sheds any light on the issue. Rule 29 speaks in terms of defense counsel's motion for judgment of acquittal after the jury verdict or discharge: "[a] defendant may move. : .." Fed.R.Crim.P. 29(c)(1). The only reference to a new trial in Rule 29 relates to the grant of a new trial *if* the court enters a judgment of acquittal that is later vacated or reversed. Rule 29(d)(1) provides:

> If the court enters a judgment of acquittal after a guilty verdict, the court must also conditionally determine whether any motion for a new trial should be granted if the judgment of acquittal is later vacated or reversed. The court must specify the reasons for that determination.

Although the rule is silent as to the conversion of a Rule 29 motion into a new trial motion, absent the grant of acquittal, the Advisory Committee notes clarify that the 1966 Amendments were intended to foreclose such authority. The relevant portion of the Committee Notes states:

> References in the original rule to the motion for a new trial as an alternate to the motion for judgment of acquittal *and to the power of the court to order a new trial have been eliminated.* Motions for new trial are adequately covered in Rule 33. *Also the original wording is subject to the interpretation that a motion for judgment of acquittal gives the court power to order a new trial even though*

*the defendant does not wish a new trial and has not asked for one.*

Fed.R.Crim.P. 29, Advisory Committee Notes, 1966 Amendments, Subdivision (c) (emphasis added).[1] The Committee Notes leave no doubt that the court may not order a new trial in the absence of a motion by the defendant. As the Committee Notes explain, a motion for a new trial is governed by Rule 33.

We now turn to Rule 33 to explore the court's authority vis-a-vis a new trial. Rule 33 permits the grant of a new trial only *"[u]pon the defendant's motion* [.]" Fed.R.Crim.P. 33(a) (emphasis added). The Advisory Committee Notes to the 1966 Amendments are similarly explicit: "The amendments to the first two sentences make it clear that *a judge has no power to order a new trial on his own motion,* that he can act only in response to a motion timely made by a defendant." Fed.R.Crim.P. 33, Advisory Committee Notes, 1966 Amendments (emphasis added). Thus, the drafters considered the issue now before us and specifically incorporated the prohibition against a court granting a new trial on its own motion.

Consistent with our interpretation, the Fifth Circuit has held that a court may not grant a new trial on its own motion. *United States v. Brown,* 587 F.2d 187, 189 (5th Cir.1979). There, the district court, on the basis of marital privilege, excluded impeachment testimony offered by the wife of one of the government's witnesses. *Id.* After the jury returned a guilty verdict, the court mused that the jury might have found the key evidence offered by a government witness "perjurious if the impeaching evidence . . . had been submitted to the jury." *Id.* at 188 n. 2. The court then"[s]ua sponte, devised and entered an order acquitting the defendant or, in the alternative, announcing the court's willingness to grant a new trial should the government present a valid waiver of the marital privilege." *Id.* at 188. The Fifth Circuit vacated the district court's order. With respect to the conditional grant of a new trial, the Fifth Circuit explained:

> We hold that the trial court had no power to order a conditional new trial after more than a month had passed without the filing of a motion for new trial by defendant Brown. A district court has no jurisdiction to consider a new trial filed beyond the seven-day time limit contained in Rule 33, *and it is powerless to order a new trial except on the motion of the defendant.*

*Id.* at 189 (emphasis added) (citing Fed. R.Crim.P. 33; *United States v. Beran,* 546 F.2d 1316, 1319 n. 1 (8th Cir.1976)).

Here, both the district court and the defendants point to *United States v. Jimenez Recio,* 258 F.3d 1069 (9th Cir.2001), *rev'd on other grounds,* 537 U.S. 270, 123 S.Ct. 819, 154 L.Ed.2d 744 (2003), and *United States v. Taylor,* 176 F.3d 331 (6th Cir.1999), as support for the opposite view.

A careful reading of *Jimenez Recio* reveals that, although the district court denied motions for judgment of acquittal and granted a new trial sua sponte, the propriety of that procedure was not raised on appeal. Instead, the posture of the case

---

1. The text of prior Rule 29 highlights the confusion that may have stemmed from the old rule:

> If the motion is denied and the case is submitted to the jury, the motion may be renewed within 5 days after the jury is discharged and may include in the alternative a motion for a new trial. If a verdict of guilty is returned the court may on such motion set aside the verdict and order a new trial or enter judgment of acquittal. If no verdict is returned the court may order a new trial or enter judgment of acquittal. 39 F.R.D. 69, 190 (1966) (amendments to rules of criminal procedure).

was merely reported as a backdrop to the ineffective assistance of counsel challenge. *See Jimenez Recio,* 258 F.3d at 1077 (Gould, J., dissenting). At most, the court assumed but did not decide whether the rules permitted the procedure challenged here by the government.

*Taylor,* on the other hand, presents a different scenario. Taylor challenged on timeliness grounds the district court's decision to order a new trial rather than grant his motion for acquittal. The Sixth Circuit approved the district court's approach, noting that Rule 33 "does not address the district court's authority to deny a timely motion for acquittal, while nonetheless concluding that the arguments underlying the motion justify a new trial." *Taylor,* 176 F.3d at 335. Notably, the court did not reference the Advisory Committee Notes, which explain that such an approach is not permitted. We part company with the Sixth Circuit to the extent *Taylor* is read as an endorsement of the sua sponte grant of a new trial in a criminal case.

Although *Taylor* cites, without discussion, a Tenth Circuit case in support of its position, the cited case is inapposite. *See id.* (citing *United States v. Baker,* 432 F.2d 994, 995 (10th Cir.1970)). In *Baker,* the Tenth Circuit held:

> We now conclude that appellant's post-conviction motion entitled "Motion to Renew Defendant's Motion for Acquittal" *should be construed as containing allegations sufficient to constitute a motion for new trial.* Although such a combined motion is no longer specifically authorized under Fed.R.Crim.P. 29, its use is not specifically prohibited.

*Id.* (emphasis added). *Baker* permits a new trial only if the court construes *the*

*defendant's motion* to include a motion for a new trial. *Baker* does not mean that the rules authorize a court to grant a new trial based on its own belief that one is warranted.

The Eighth Circuit has also weighed in on this issue by applying *Baker* in a manner that forbids a district court from granting a new trial when one is not requested:

> A Rule 29 motion for a judgment of acquittal will only be treated as a Rule 33 motion if it contains allegations sufficient to constitute a motion for a new trial. *United States v. Baker,* 432 F.2d 994, 995 (10th Cir.1970). The appellants' oral motion for a judgment of acquittal cannot be so construed.

*United States v. Beran,* 546 F.2d 1316, 1319 n. 1 (8th Cir.1976). Unlike the courts in *Baker* and *Beran,* we need not consider whether the defendants' Rule 29 motion "contains allegations sufficient to constitute" a Rule 33 motion because the defendants do not make that argument.

Rule 29 prohibits sua sponte conversion of a motion to acquit into a motion for a new trial. Rule 33 precludes a district court from granting a new trial on its own motion. Taken together, the rules permit a judge to order a new trial only in response to a defendant's motion.

**VACATED AND REMANDED in part for further proceedings consistent with this opinion; DISMISSED**[2] **in part.**

---

2. The defendants cross-appeal the district court's failure to grant their motions for acquittal on counts three, four, and five. Be-

cause the district court did not rule on these motions, we dismiss the cross-appeal for lack of jurisdiction.