FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 06 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50381 |
| Plaintiff - Appellant, | D.C. No. 5:09-cr-00121-CBM-1 |
| v. | |
| VIRGIL LARONE HILEY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, Senior District Judge, Presiding

Argued and Submitted July 9, 2013
Pasadena, California

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

The United States appeals the district court's grant of Virgil Larone Hiley's

motions for a judgment of acquittal and for a conditional new trial. We reverse the

judgment of acquittal, vacate the grant of a new trial, and remand for further

proceedings.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.** The district court erred in concluding that the evidence was insufficient to support Hiley's convictions under 18 U.S.C. §§ 922(g)(1) and 924(c)(1), and 21 U.S.C. §§ 841(a)(1) and (b)(1). Given that Hiley had a key to the motel room and that his belongings were the only personal effects found inside, there was sufficient evidence to support the jury's conclusion that he knew of, and therefore constructively possessed, the narcotics, ammunition, and firearm found in room 224. *See, e.g.*, *United States v. Tucker*, 641 F.3d 1110, 1119 (9th Cir. 2011) (holding that the defendant had dominion and control over a shotgun found in an apartment that contained his personal effects, where he was the sole adult occupant on the day of the search).

Moreover, the bags of cocaine, methamphetamine, and marijuana, coupled with the digital scale and money seized by the police, were sufficient evidence of an intent to distribute narcotics under 21 U.S.C. § 841(a)(1). *See United States v. Johnson*, 357 F.3d 980, 984 (9th Cir. 2004) (holding that small, self-sealing bags of methamphetamine, a scale commonly used to weigh drugs, and a pay-and-owe sheet constituted sufficient evidence of intent to distribute drugs).

Finally, the firearm's proximity to a substantial quantity of narcotics and drug trafficking paraphernalia supported the jury's conclusion that Hiley possessed the firearm in furtherance of a drug trafficking crime in violation of 18

U.S.C. § 924(c)(1). *See United States v. Norwood*, 603 F.3d 1063, 1072 (9th Cir. 2010), *as amended* (holding evidence sufficient to support defendant's conviction where a firearm was found under a mattress within a few feet of 2 packages of cocaine). Accordingly, we reverse the district court's judgment of acquittal.

**2.** The district court also erred in alternatively granting Hiley's motion for a new trial. Under Rule 29, a district court that grants a motion for a judgment of acquittal must also decide whether a new trial is warranted if the judgment is reversed. *See* Fed. R. Crim. P. 29(d)(1). "The court must specify the reasons for that determination." *Id.* Here, the court concluded that a new trial was warranted in the "interest of justice," but rejected one of the grounds Hiley had asserted in support of his motion—that the evidence of his parole status prejudiced the jury. Other than its broad reference to the "interest of justice," the district court failed to specify its reasoning for granting a new trial. *See United States v. Navarro Viayra*, 365 F.3d 790, 795 (9th Cir. 2004) ("[T]he rules permit a judge to order a new trial only *in response* to a defendant's motion.") (emphasis added); *see also Traxler v. Multnomah County*, 596 F.3d 1007, 1016 (9th Cir. 2010) ("[M]eaningful appellate review . . . is foreclosed when the district court fails to articulate its reasoning.") (citation omitted).

To the extent that the district court granted a new trial because it believed that the verdict was against the weight of evidence, it failed to set forth any reasoning to support that conclusion. While the district court could have weighed the evidence without deference to the jury's verdict under Federal Rule of Criminal Procedure 33, *see United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000), we cannot import the court's analysis under Rule 29 to uphold its grant of a new trial. In the absence of other reasoning, we are left without a basis for the district court's ruling. Accordingly, we vacate the district court's order granting a new trial and remand for reconsideration in light of our reversal of the court's judgment of acquittal.

**REVERSED in part ; VACATED and REMANDED in part.**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*United States v. Hiley*, No. 12-50381

WATFORD, Circuit Judge, concurring:

I don't think the district court needs to reconsider its decision to grant a new trial; it just needs to explain in more detail its reasons for reaching that decision. The court presumably decided to grant a new trial "[i]n the interest of justice" under Rule 33 because it believed the evidence preponderated heavily against the verdict. *See United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000). The court's order did not make that explicit, however, so vacating and remanding the portion of the order granting a new trial makes sense. While the court's analysis of the sufficiency of the evidence does not warrant granting a judgment of acquittal, that analysis fully supports the court's decision to grant a new trial. When a district court concludes that the evidence preponderates heavily against the verdict, after independently weighing the evidence and evaluating for itself the credibility of the witnesses (as it's entitled to do under Rule 33), we owe that determination the highest level of deference. *See id.*