**UNITED STATES of America, Petitioner,**

v.

**Michael NEWMAN, Respondent,**

**Honorable Edward Dumbauld, Nominal Respondent.**

**No. 71–1998.**

United States Court of Appeals, Third Circuit.

Submitted on Petition and Answer.

Decided Feb. 24, 1972.

Richard Thornburgh, U. S. Atty., Pittsburgh, Pa., for petitioner.

Thomas A. Livingston, Pittsburgh, Pa., for respondent.

Before VAN DUSEN and ROSEN, Circuit Judges, and LAYTON, District Judge.

## OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

This case is before the court on Petition For A Writ of Mandamus to compel the district court to vacate an order granting a new trial in a criminal case on the basis that this order was entered not for reasons in defendant's timely New Trial Motion but on grounds raised by the district court months after such motion, and Answer to such Petition.[1]

Defendant filed a Motion for New Trial promptly after the jury returned its verdict of guilty, alleging 14 reasons for new trial, and three months later argument was heard on this Motion. Approximately 4½ months later, the district court entered an order providing, inter alia:

> ". . . the Court being of opinion that the case was ably tried by competent counsel and involved mainly questions of credibility of the sort appropriate for determination by the jury in the exercise of its traditional fact-finding function, and that the points urged by defendant in support of a new trial are without merit, . . . but being also of opinion that the defendant may have been harmed by the Court's injudicious indulgence in 'witty diversities,' and that a new trial

would involve no substantial delay or additional burden to the prosecution, since most of the same evidence will have to be repeated anyhow in trying the co-defendant Gaca, and that it may be advantageous to the due administration of justice to have the whole picture and the respective roles of each participant clearly placed before a single jury, as was originally intended before the attorney for defendant Newman, then representing both defendants, developed the possibility of a conflict of interests;

> "It is ordered that said motion be and the same hereby is granted and a new trial awarded."

Rule 33 of the Rules of Criminal Procedure provides:

> "The court on motion of a defendant may grant a new trial to him if required in the interest of justice. . . . A motion for a new trial . . . shall be made within seven days after verdict or finding of guilty.
>
> . . ."

The amendment to this rule, which became effective July 1, 1966, inserted the words "on motion of a defendant" in the above language and the Advisory Committee on Criminal Rules of the Judicial Conference of the United States stated in its comments on the change:

> "The amendments . . . make it clear that a judge has no power to order a new trial on his own motion, that he can act only in response to a motion timely made by the defendant."

At the same time that these amendments were made to the federal criminal rules precluding the district court from granting a new trial on its own motion, that court's power to grant a new trial in civil cases was specifically expanded in F.R.Civ.P. 59(d) to permit a new trial to be granted for "a reason not stated in

---

1. Since the Answer "moves that the writ of mandamus be denied on its face or in the alternative that an oral argument date be set and briefs be submitted on such points," this court entered an order on December 3, 1971, providing that "respondent may file . . . a brief in the above matter as requested in such answer . . . within fourteen (14) days . . . ." By letter dated January 31, 1972, respondent has informed the Clerk that he does not intend to file a brief.

the motion."[2]  It would seem clear that the drafters of the Federal Rules (Committee on Rules of Practice and Procedure of the Judicial Conference of the United States) would have inserted comparable language in the Criminal Rules if it had been intended that the district court should have the power to grant a new trial for its own reason not stated in the motion for new trial, which power the nominal respondent exercised in this case.  In order for the court to act "on motion of a defendant," the reasons in support thereof must be filed within seven days after verdict (Federal Rules of Criminal Procedure 33 and 45(b)(2)[3]) and be stated in writing (Federal Rule of Criminal Procedure 47).

At least four district court opinions in this Circuit have held that the reasons relied on by the district court in support of the grant of a motion for new trial must be filed within the seven-day period prescribed in Rule 33 as quoted above, unless there has been an order entered within that period extending the time.  See United States v. Kane, 319 F.Supp. 527, 528 (E.D.Pa.1970), aff'd 433 F.2d 337 (3d Cir. 1971); United States v. Kramer, 172 F.Supp. 288, 289 n. 2 (W.D.Pa.1959), aff'd 279 F.2d 754, (3d Cir. 1960), cert. denied, 364 U.S. 879, 81 S.Ct. 167, 5 L.Ed.2d 101 (1960); United States v. Stirone, 168 F.Supp. 490, 501–502 (W.D.Pa.1957), aff'd 262 F.2d 571, 578 (3d Cir. 1959), reversed on other grounds, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960); United States v. McCurry, 146 F.Supp. 109, 111 (E.D.Pa.1956), aff'd 248 F.2d 116 (3d Cir. 1957).  In this court's opinion in the above *Stirone* case, the court said 262 F.2d at page 578: ". . . as pointed out by the trial judge, this objection was not timely made and need not be considered."  Also, Professor Wright has stated:

> "The grounds on which the motion for new trial is based must be filed within the time provided for making the motion."

See C. A. Wright, 2 Fed.Prac. & Proc. (1969) § 558, p. 539 n. 87.

■     Furthermore, the United States Courts of Appeals have consistently taken the position that unless the time limitations in Rule 33 are observed, action beyond such time limitations is "without effect."  United States v. Bertone, 249 F.2d 156, 158–159 (3d Cir. 1957); *see, also,* United States v. Green, 134 U.S.App.D.C. 278, 414 F.2d 1174 (1969); United States v. Vanterpool, 377 F.2d 32 (2d Cir. 1967), and cases there cited.  Since it is, therefore, clear that the defendant in this case could not have amended his motion for a new trial to include a new ground after the seven-day period prescribed in Rule 33 had expired, it would be entirely inconsistent with the purpose of the 1966 amendments to Rule 33 to allow the district court to grant a new trial motion four and one-half months after this seven-day period has elapsed for reasons advanced *sua sponte* by the court.[4]  This result is

---

**2.**  This change was accomplished by the insertion in F.R.Civ.P. 59(d) of this sentence:

> "After giving the parties notice and an opportunity to be heard on the matter, the court may grant a motion for a new trial, timely served, for a reason not stated in the motion."

See Harkins v. Ford Motor Co., 437 F.2d 276 (3d Cir. 1970).

In the Committee Note to the Amended Rule 59(d), this language appears:

> "Just as the court has power under Rule 59(d) to grant a new trial of its own initiative within the 10 days, so it should have power, when an effective new trial motion has been made and is pending, to decide it on grounds thought

meritorious by the court although not advanced in the motion."

The converse would seem to be true under F.R.Crim.P. 33, where the court was specifically deprived of power to grant a new trial on its own initiative.

**3.**  Rule 45(b)(2) provides that "the court may not enlarge the time for taking any action under . . . [Rule] . . . 33 . . . ., except to the extent and under the conditions stated in [it]."  Rule 33 provides that: "A motion for a new trial . . . shall be made within seven days . . . or within such further time as the court may fix during the 7-day period."  See page 669 above.

**4.**  See p. 669 and n. 2, *supra.*

supported by United States v. Smith, 331 U.S. 469, 475–476, 67 S.Ct. 1330, 1333, 91 L.Ed. 1610 (1947), in which the Court made these comments on the district court's grant of a new trial on its own initiative in a criminal case:

"For yet another reason, we would be reluctant to hold that the court has a continuing power on his own initiative to grant what the defendant has not the right to go into open court and ask. To approve the practice followed in this case would almost certainly subject trial judges to private appeals or application by counsel or friends of one convicted. We think that expiration of the time within which relief can openly be asked of the judge, terminates the time within which it can properly be granted on the court's own initiative. . . .

\* \* \* \* \* \*

"The trial judge is given power by the Rules to entertain motions for new trial within five days after verdict and may extend that time for so long as he thinks necessary for proper consideration of the course of the trial. But extension of that time indefinitely is no insurance of justice. On the contrary, as time passes, the peculiar ability which the trial judge has to pass on the fairness of the trial is dissipated as the incidents and nuances of the trial leave his mind to give way to immediate business. It is in the interest of justice that a decision on the propriety of a trial be reached as soon after it has ended as is possible, and that decision be not deferred until the trial's story has taken on the uncertainty and dimness of things long past."

■ It is noted that the defendant raised no objection whatever to the "witty diversities" [5] referred to by the district court order granting the new trial, so that the trial judge had no opportunity to correct such mistakes, if they were mistakes.[6] See United States v. Chicarelli, 445 F.2d 1111, 1115 (3d Cir.1971); United States v. Bradley, 447 F.2d 657, 660 (3d Cir. 1971).

5. The phrase "witty diversities" was used in Rearick v. Pennsylvania, 203 U.S. 507, 512, 27 S.Ct. 159, 51 L.Ed. 295 (1906), and, in Pound, Jurisprudence (1959), V, p. 32, "diversities" is defined as distinctions drawn in the course of legal reasoning. It may be that several portions of the charge, such as N.T. 731, 733, or 745, were contemplated by the court in using this phrase but, in view of this court's conclusion that the district court was without jurisdiction under the Federal Criminal Rules to enter the order from which this appeal is taken on June 29, 1971, the merits of the order are immaterial at this time. Such merits will be before this court on any appeal from the sentence.

6. Apparently, the court believed its attempt at humor during the charge at N.T. 745 constituted error, since this colloquy appears in the transcript of the argument on the motion for new trial at pp. 33–34:

"[DEFENSE COUNSEL]: . . . I think it is eminently clear that . . . at no place in this transcript or today in argument is there any suggestion on my part of any prosecutorial impropriety or any deliberate attempt to punish a defendant on trial by some misconduct on [the prosecutor's] part. I have never said it. I have never suggested it, and if I did, I apologize.

"THE COURT: . . . do you think there was any detrimental impact to your defendant from the Court's ill-advised indulgence in humor, if you recall what I mean?

"[DEFENSE COUNSEL]: In the charge, your Honor?

"THE COURT: Yes. I think I said something, told an anecdote that might indicate that Mr. Thornburgh should take great delight in prosecuting a Democrat.

"[DEFENSE COUNSEL]: Your Honor, I might say this: When I first heard the remark, I didn't feel as if it did. As I thought about it, I thought it could have very definitely had an impact so far as the defendant was concerned.

My first reaction, frankly, was the impact on Mr. Thornburgh as a prosecutor. This was the initial reaction that I had, but as I had time to think about it and mull over it, you know, you never know."

The above colloquy makes clear that defense counsel still made no objection to this part of the charge over three months after the verdict when the oral argument on the new trial motion took place.

On the facts presented by this record, where the court grants a new trial more than four-and-a-half months after the seven-day period has expired for alleged error in the charge to which the defendant has made no objection, a grant of a new trial on such ground not asserted in a motion made in conformity with the Rules, but articulated *sua sponte* by the trial court, is action by the court "on its own motion," and, being beyond the jurisdiction of the court, is ineffective.

For the foregoing reasons, this court has concluded that the district court order of June 29, 1971, should be vacated and the defendant directed to appear for sentencing so that an appeal may be filed if any grounds should exist for setting aside the jury's verdict. It may not be necessary for this court to enter an order directing that the conclusion reached by it, as stated above, be carried out by the able district judge who entered the June 29, 1971, order. "[Petitioner] may, however, apply to this court for a formal order directing the issuance of the writ of mandamus if the need therefor should arise." Rapp v. Van Dusen, 350 F.2d 806, 814 (3d Cir. 1965).