877 F.2d 60
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward ISLEY, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward ISLEY, Defendant-Appellant.
 Nos. 87-6606, 87-7335.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 29, 1989.
Decided June 6, 1989.
Rehearing and Rehearing In Banc Denied July 28, 1989.
 
 Edward Isley, appellant pro se.
 Karen Patrice Tandy, Assistant United States Attorney, Office of the United States Attorney, for appellee.
 Before HARRISON L. WINTER, DONALD RUSSELL, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Edward Isley was convicted of conspiring to murder and aiding and abetting the murder of Tyrone Jenkins, a fellow Lorton inmate. After his conviction was affirmed on appeal, Isley moved for a new trial based on newly discovered evidence pursuant to Fed.R.Crim.P. 33. In No. 87-6606, Isley appeals the district court's denial of his motion for a new trial based on newly discovered evidence. In No. 87-7335, he appeals the district court's denial of his motion for appointment of counsel on appeal. We affirm the district court's denial of Isley's motion for a new trial. We treat Isley's appeal from the district court's denial of his motion for appointment of counsel on appeal as a motion for appointment of counsel directed to this Court. This motion is denied. We also deny Isley's motions to supplement the record and to remand the case for further proceedings.
 
 
 2
 Based on our review of the record, we find that the district court did not abuse its discretion in denying Isley's motion for a new trial, and we adopt its reasoning for finding that a new trial was unwarranted. United States v. Isley, Cr. No. 84-00115-A (E.D.Va. Aug. 17, 1987).
 
 
 3
 Isley has moved to supplement the record with documents he obtained under the Freedom of Information Act after this appeal was filed. He asks this Court to remand his case to the district court for further proceedings on this newly discovered evidence. He has also moved to supplement the record with a 1984 affidavit from another Lorton inmate, Benjamin Ward.
 
 
 4
 One of the documents Isley obtained under the Freedom of Information Act is a letter from Assistant United States Attorney Karen Tandy to the District of Columbia Parole Board on behalf of Michael Allison. This letter mentions Allison's cooperation with the government and asks the Parole Board to release him before his scheduled release date of November 4, 1984. This letter contradicts Allison's trial testimony that he was scheduled to be released in August 1984. As Allison testified that the government made him no promises in return for his testimony, the letter also suggests the possibility of an undisclosed agreement between Allison and the government.
 
 
 5
 We decline to remand this claim for further proceedings, however, on the ground that it is untimely. New claims cannot be added to a new trial motion after the deadline for filing such a motion has expired. See United States v. Hall, 854 F.2d 1269 (11th Cir.1988); Anthony v. United States, 667 F.2d 870, 875-76 (10th Cir.1981); United States v. Newman, 456 F.2d 668, 670-71 (3d Cir.1972). Isley obtained this letter from the government and submitted it to the Court after expiration of the two-year period for filing a new trial motion based on newly discovered evidence. Thus, we find it inappropriate to remand to allow the district court to decide whether this evidence warrants a new trial. Our decision, however, is without prejudice to Isley's right to bring this matter to the district court's attention by filing a 28 U.S.C. Sec. 2255 motion to vacate his sentence on the ground that this evidence shows that his conviction was obtained in violation of his constitutional rights. We intimate no opinion concerning the appropriate disposition of such a motion.
 
 
 6
 The remaining Freedom of Information Act documents concern promises and threats made to Charles Bailey. As these documents are merely additional evidence in support of claims already before the district court, arguably they should not be considered new claims which would be barred by the two-year time limit of Fed.R.Crim.P. 33. We decline to remand for further consideration of these documents, however, as they are either substantially consistent with Bailey's trial testimony or they do not undermine his credibility. We also decline to remand for further proceedings concerning the Benjamin Ward affidavit. This affidavit was not newly discovered evidence, as Ward states that he gave this information to defense counsel before trial.
 
 
 7
 We affirm the district court's denial of Isley's motion for a new trial, deny his motion for an appointment of counsel, and deny his motions to supplement the record and remand the case. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 8
 AFFIRMED.