**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ashton O'BRIEN, Defendant–Appellant.**

No. 89–3528.

United States Court of Appeals, Fifth Circuit.

April 6, 1990.

---

Philip E. O'Neill, Robert F. Fadaol, Gretna, for defendant-appellant.

Peter M. Thomson, Robert J. Boitmann, Asst. U.S. Attys., John P. Volz, U.S. Atty., New Orleans, La., for plaintiff-appellee.

Before BROWN, JOLLY and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

O'Brien appeals his conviction for conspiracy to distribute and possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and 846. We find no error and affirm.

## I.

Appellant's involvement in drug trafficking was discovered in January 1989 as a result of a law enforcement surveillance of appellant and co-defendant Gros. The law enforcement officers observed the appellant when he left a parking lot driving his automobile and was followed by Gros, who was driving a separate vehicle. They drove to the appellant's apartment in New Orleans and both went inside appellant's apartment. Mr. Gros remained in the

apartment for approximately fifteen minutes, after which he left in his automobile. Officers conducted a traffic stop of Mr. Gros' vehicle and saw him throw two bags of cocaine from his vehicle. Mr. Gros then cooperated with the police, gave them a statement on the same day he was apprehended and then testified at the trial against appellant. He testified that appellant obtained the cocaine from a blue cookie tin, weighed the cocaine on a scale and handed it to him. Mr. Gros testified that he had purchased cocaine from the appellant on five separate occasions before the day of his arrest.

Law enforcement officials searched O'Brien's apartment following Gros' arrest and located a blue tin can which contained several bags of cocaine. This tin was found under appellant's bed in his bedroom. The search also revealed various items of drug paraphernalia, including a scale, two bottles of inositol, a sifter and numerous plastic bags.

The principal issue on appeal concerns the district court's discharge of a juror after deliberations began.

The case was completed on the afternoon of April 18, 1989, and the jury retired to deliberate. When the jury was unable to reach a verdict at the end of the day the court recessed and directed the jurors to return the following morning for continued deliberations. Before court convened the next morning, the wife of one of the twelve jurors, Mr. Norvan Guerra, telephoned the trial judge and informed him that Mr. Guerra was suffering from severe depression and she had taken him to visit his physician. Mr. Guerra's wife told the trial judge that Mr. Guerra "could not send anyone to jail, that he cannot make a decision." Mrs. Guerra reported to the trial judge that a year and a half earlier their son was killed in an accident and her husband had suffered a deep depression and had psychiatric help. The judge then spoke by telephone with Mr. Guerra's treating psychiatrist, who advised the court that he had hospitalized Mr. Guerra for two weeks the last time he had a bout with depression and that he was considering but had not yet decided whether to hospitalize him again. He advised the court that Mr. Guerra was in no condition to continue as a juror.

The district court then excused Mr. Guerra as a juror and directed the remaining eleven jurors to continue deliberating in an attempt to reach a verdict. The remaining jurors rendered a guilty verdict on both counts.

Appellant raises three issues on appeal: (1) the voir dire conducted by the district judge was inadequate and denied him his right to intelligently exercise his peremptory challenges; (2) the district court erred in excusing juror Guerra after deliberations had begun and further erred in permitting the remaining eleven jurors to continue deliberation and render a verdict; (3) the evidence was insufficient to support the conviction. We consider each argument in turn.

## II.

### A.

Without record support, appellant argues that during the trial one of the assistant United States attorneys discovered that he was acquainted with a juror named Ulyses Collins. According to appellant's brief, when the assistant U.S. attorney brought this fact to the trial judge's attention the trial judge excused juror Collins and an alternate juror replaced him. Appellant argues that the voir dire was conducted solely by the district court and was inadequate to disclose this acquaintance between counsel and juror Collins and therefore deprived him of a challenge. Unfortunately, however, appellant did not order the record of the voir dire examination. It is appellant's responsibility to order parts of the record which he contends contain error and his failure to do so prevents us from reviewing this assignment of error. *United States v. Williams*, 822 F.2d 512 (5th Cir.1987); *United States v. Gerald*, 624 F.2d 1291, 1296 n. 1 (5th Cir. 1980), *cert. denied*, 450 U.S. 920, 101 S.Ct. 1369, 67 L.Ed.2d 348 (1981). In any event, appellant has made no showing that the jury which returned the verdict was tainted

in any way. The district court dismissed prior to deliberation the only juror against whom appellant lodged a complaint. Appellant's argument on this point is therefore without merit.

### B.

Appellant contends next that the trial court erred in dismissing juror Guerra and further erred in allowing the remaining eleven jurors to deliberate and reach a verdict.

■ We are persuaded that the district court did not abuse its discretion in discharging Mr. Guerra. The district court spoke with Mr. Guerra's wife and learned that Mr. Guerra was severely disturbed, had a recent history of severe depression, and that she had taken him to a psychiatric clinic for consultation. The judge then spoke with Mr. Guerra's physician and verified that he was in no condition to continue as a juror. Under these circumstances, the district court did not abuse its discretion in excusing this juror.

■ We also find no error in the district court's decision to allow the remaining jurors to continue their deliberations. Fed.R. Crim.P. 23(b), as recently amended, provides that the parties may stipulate in writing with the approval of the court that less than twelve jurors may render a valid verdict. The rule continues: "Even absent such stipulation, if the court finds it necessary to excuse a juror for just cause after the jury has retired to consider its verdict, in the discretion of the court a valid verdict may be returned by the remaining 11 jurors."

Appellant argues that the above provision only contemplates allowing eleven jurors to continue deliberation to verdict in lengthy, multi-party, or complex litigation. The difficulty with appellant's argument is that Rule 23(b) does not limit its application to lengthy or complex trials. The note of the advisory committee on rules provides that this alternative of allowing the remaining eleven to deliberate "is useful in case it becomes necessary during the trial to excuse a juror owing to illness or for some other cause and no alternate juror is available. The rule is a restatement of existing practice, the constitutionality of which was approved in *Patton v. United States*, 281 U.S. 276 [50 S.Ct. 253, 74 L.Ed. 854 (1930) ]...." Fed.R.Crim.P. 23 advisory committee's note. This interpretation has been consistently given to Rule 23(b) by other circuit courts. *See United States v. Wilson*, 894 F.2d 1245 (11th Cir.1990); *United States v. Scopo*, 861 F.2d 339, 350 (2d Cir.1988); *United States v. Ramos*, 861 F.2d 461, 465–66 (6th Cir.1988); *United States v. Armijo*, 834 F.2d 132, 135 (8th Cir.1987); *United States v. Smith*, 789 F.2d 196, 204–05 (3d Cir.1986).

Accordingly, we conclude that the trial court did not abuse its discretion in permitting the remaining eleven jurors to proceed to deliberate to verdict in this case.

### C.

■ The appellant argues finally that the evidence is not sufficient to support appellant's conviction. In evaluating the evidence for this purpose, we consider the evidence in the light most favorable to the verdict and the conviction must be sustained if in that light it is supported by substantial evidence. *See Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Higdon*, 832 F.2d 312 (5th Cir.1987), *cert. denied*, 484 U.S. 1075, 108 S.Ct. 1051, 98 L.Ed.2d 1013 (1988).

The evidence offered by the government, including the testimony of co-conspirator Terry Gros, is ample to support the verdict. As indicated above, Gros testified that he met with appellant for the purpose of purchasing cocaine. Mr. Gros proceeded to O'Brien's apartment for this purpose and appellant retrieved a quantity of cocaine from a blue cookie can and delivered the cocaine to Mr. Gros. The meeting inside appellant's apartment was corroborated by surveillance. Upon leaving appellant's apartment, Gros was apprehended and the cocaine he obtained from appellant was recovered. When appellant's apartment was searched, a tin consistent with the description given by Gros was found under appel-

lant's bed and was found to contain cocaine. Additionally, a scale such as the one described by Mr. Gros was discovered in O'Brien's apartment along with other paraphernalia. The evidence was more than ample to support the verdict.

AFFIRMED.