IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 99-40518
Summary Calendar

---

ASH BABTUNDE BAKRE,

Plaintiff-Appellant,

versus

ALLEN B. POLUNSKY, Chairman Board of Criminal Justice;
WAYNE SCOTT, Director, Texas Department of Criminal
Justice; GARY L. JOHNSON, Director, Texas Department of
Criminal Justice, Institutional Division; C.T. O'REILLY,
Warden, Gurney Unit; BRENDA CHANEY, Assistant Warden,
Gurney Unit; E.W. SMITH, Major, Gurney Unit; C. TRUITT,
Correctional Officer III, Gurney Unit; C. KYLE, Medical
Administrator, Gurney Unit; HIGGINS, Captain,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:98-CV-444
--------------------
June 2, 2000

Before KING, Chief Judge, and JOLLY and PARKER, Circuit Judges.

PER CURIAM:[*]

Ash Bakre (Texas prisoner #784509) appeals the magistrate
judge's final judgment dismissing his civil rights suit brought
under 42 U.S.C. § 1983.  Both parties consented to magistrate
jurisdiction below.  See 28 U.S.C. § 636(c); Fed. R. Civ.

---

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

P. 73(b). After conducting a <u>Spears</u>[1] hearing, the magistrate judge dismissed all but one of Bakre's claims under 28 U.S.C. § 1915A(b) as frivolous or for failure to state a claim. The magistrate judge then conducted a bench trial on Bakre's sole remaining claim that he was subjected to the excessive use of force by Appellee Christopher Truitt. On appeal, Bakre does not challenge the pretrial dismissal of his claims under § 1915A(b). Consequently, he has abandoned those claims. See <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993). Instead, his appellate arguments are confined to his consent to magistrate jurisdiction and to the magistrate judge's rejection of his excessive-force claim against Truitt.

As the appellant, Bakre had the responsibility of ordering parts of the record which he contends contain error. See Fed. R. App. P. 10(b)(1)(A), (2); <u>Richardson v. Henry</u>, 902 F.2d 414, 415-16 (5th Cir. 1990); <u>United States v. O'Brien</u>, 898 F.2d 983, 985 (5th Cir. 1990). Because Bakre has not provided this court with a copy of the trial transcript, Truitt maintains that Bakre's appeal should be dismissed. A review of Bakre's appellate issues reveals that two of them can be addressed without the trial transcript. Accordingly, we decline to dismiss Bakre's entire appeal outright.

Bakre first contends that the magistrate judge's final comments at the <u>Spears</u> hearing effectively coerced him into consenting to magistrate jurisdiction. Bakre's contention is unavailing. The record reflects that Bakre declined to consent

---

[1] <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985).

to magistrate jurisdiction at the end of the Spears hearing. The magistrate judge accepted Bakre's decision. Bakre admittedly contacted the magistrate judge approximately one week later and, when a written consent form was sent to him shortly thereafter, signed the consent form acknowledging that he was "voluntarily consent[ing]" to magistrate jurisdiction. Given these circumstances, Bakre has not shown that his consent was involuntary.

Bakre next contends that the magistrate judge erred in commencing the trial without requiring the presence of Ms. Fields, an TDCJ-ID attorney who represented him at a prison disciplinary hearing, as a trial witness. He makes a conclusional statement that Ms. Fields could confirm Truitt's "acceptance to appellant's 'Original Petition' against him." Bakre's conclusional statement regarding Fields' proposed testimony is insufficient to show that relevant testimony was excluded as a result of Fields' absence from the trial. See Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987). It likewise does not demonstrate a substantial showing of need for Fields' testimony. See id. at 86-87. Accordingly, Bakre has not shown that the magistrate judge abused her discretion in refusing to require Fields' presence as a trial witness. See id.

Bakre also argues that the magistrate judge erred: (1) in commencing the trial without requiring the defense to produce (i) an audiocassette recording of the prison disciplinary hearing concerning the incident with Truitt and (ii) Lieutenant Mark Meador, the correctional officer who investigated the incident;

(2) in allowing all defense witnesses to remain in the courtroom during the trial; (3) in determining that Truitt did not use unnecessary force and that Bakre's neck problems were unrelated to the incident with Truitt; (4) in eliciting trial testimony about Bakre's offense of conviction; and (5) in continuously interrupting Bakre and his witnesses during trial.  These issues are unreviewable without the trial transcript.  <u>See</u> Fed. R. App. P. 10(b)(2); <u>Richardson</u>, 902 F.2d at 416; <u>United States v. Hinojosa</u>, 958 F.2d 624, 632-33 (5th Cir. 1992).  Accordingly, Bakre's appeal is dismissed with respect to these issues.  <u>See</u> <u>Richardson</u>, 902 F.2d at 416.

APPEAL DISMISSED IN PART; JUDGMENT OF THE MAGISTRATE JUDGE AFFIRMED.