**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 99-30939
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

VERSUS

SEAN JOHNSON,

Defendant - Appellant.

Appeal from the United States District Court
For the Eastern District of Louisiana
(99-CR-104-ALL-B)
August 8, 2000

Before JOLLY, SMITH, and DUHÉ, Circuit Judges.

PER CURIAM:[1]

Sean Johnson ("Johnson") appeals on several grounds his conviction for conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine. We affirm.

**BACKGROUND**

The charges against Johnson arose from information a

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

confidential informant provided DEA agents. As a result of this information, DEA agents set up surveillance in Kenner, La. on November 20, 1998. At about 10:30 a.m., a Toyota Camry with a Florida license plate arrived and parked in an apartment complex. A male, Juan Echemendia, and a female exited the car. Later that morning, a gray Nissan, driven by Johnson, arrived and parked next to the Camry. The trunks of both cars opened and Echemendia removed a pink bag from the trunk of the Camry and placed it in the trunk of Johnson's Nissan. During the transfer, agents were unable to overhear any conversation between the two men.

Johnson then drove away and Kenner Police, at the direction of the DEA agents, stopped Johnson. The police later said Johnson appeared nervous during the stop. The police asked whether Johnson had any drugs in the car. Johnson said that he did not. Johnson then gave the police his oral and written consent to search his car. A canine alerted to the pink bag in the trunk. The police opened the bag and discovered cocaine. The police then arrested Johnson. A jury later found Johnson guilty of conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine.

## DISCUSSION

I. Insufficient Evidence

Johnson first argues that there was insufficient evidence supporting his conviction for conspiracy. The government must

2

prove: (1) an agreement between two or more persons to violate narcotics laws, (2) that each alleged conspirator knew of the conspiracy and intended to join it, and (3) that each alleged conspirator did participate voluntarily in the conspiracy. United States v. Paul, 142 F.3d 836, 839-40 (5th Cir. 1998). Johnson contends that the government did not prove that Johnson and Echemendia had an agreement as to any transaction because no testimony or evidence established any conversations between Johnson and Echemendia. In addition, the evidence did not prove that Johnson knew of any unlawful purpose thereby making his participation in the conspiracy impossible.

We review a challenge to the sufficiency of the evidence in the light most favorable to the verdict and affirm if a rational trier of fact could find that the government proved all essential elements beyond a reasonable doubt. United States v. Cisneros, 203 F.3d 333, 343 (5th Cir. 2000). We have noted that a "jury may infer any element of this offense from circumstantial evidence." Paul, 142 F.3d at 840. An "agreement may be inferred from concert of action, voluntary participation may be inferred from a collocation of circumstances, and knowledge may be inferred from surrounding circumstances." Id.

In this case, the government provided more than sufficient evidence of a conspiracy. Police and DEA agents testified that Johnson participated in the cocaine transfer from Echemendia. The coordination of the arrival times, at that particular location in

3

a city and state where Echemendia did not reside, on a particular date; the ease and speed of the transfer, and Johnson's personal involvement all establish a conspiracy between Johnson and Echemendia.

Johnson also contends that he was convicted for possession of cocaine based on insufficient evidence. To prove possession, the government must show (1) knowing (2) possession (3) with intent to distribute. United States v. Jones, 185 F.3d 459, 464 (5th Cir. 1999). Johnson argues that he did not knowingly have possession. He did not pick up the bag, he did not open the bag, and he did not own the car. Furthermore, any number of reasonable explanations could account for his alleged nervousness.

We have said that "[c]onstructive possession of a controlled substance maybe shown by ownership, dominion or control over the illegal drugs or over the vehicle in which the drugs are concealed." Id. Nervousness may support an inference of guilty knowledge when combined with facts suggesting that nervousness is derived from an underlying consciousness of criminal behavior. Id. Johnson was present during the bag exchange with Echemendia. During the search of his car, the police testified that Johnson appeared nervous. Because of this fact combined with the knowledge of the recently completed exchange, a jury could reasonably infer that he knowingly possessed cocaine.

II. Motions for Mistrial

Johnson also argues that the trial court erred in denying his

4

motions for a mistrial. The basis for the first motion was multiple hearsay objections to agent testimony that the informant supplied the license number on the car driven by the Defendant. Although the district court sustained Johnson's objections, these statements amounted to unfair prejudice against Johnson.

We review the denial of a motion for a mistrial for abuse of discretion. United States v. Reliford, 210 F.3d 285, 304 (5th Cir. 2000). "If the motion for mistrial involves the presentation of prejudicial testimony before a jury, a new trial is required only if there is a significant possibility that the prejudicial evidence had a substantial impact upon the jury verdict, viewed in light of the entire record." Id. A statement is hearsay only if offered to prove the truth of the matter asserted and "[o]ut-of-court statements providing background information to explain the actions of investigators are not hearsay." United States v. Carrillo, 20 F.3d 617, 619 (5th Cir. 1994).

In this case, we conclude that the statements were not offered for the truth of the matter asserted. Rather, the statements were offered to explain the significance of the agents' observations and actions. The probative value of these statements outweighed any prejudicial effect. Therefore, we find no error in the court's denial of the Defendant's motion for a mistrial.

Johnson also contends that the district court abused its discretion when during deliberations the court dismissed a juror, allowed an eleven-member jury to deliberate and denied his second

motion for a mistrial.[2]  A juror informed the court that he had failed to disclose a prior felony conviction.  The defense refused to stipulate to the eleven-member jury.  Absent this stipulation, the district court dismissed the juror pursuant to Fed. R. Crim. P. 23(b) ("Even absent [a stipulation by the parties], if the court finds it necessary to excuse a juror for just cause after the jury has retired to consider its verdict in the discretion of the court a valid verdict may be returned by the remaining 11 jurors.")

Johnson argues that Rule 23(b) was only intended to apply to lengthy and complex trials, and that he was prejudiced by the rules application.   We  conclude  that  the  court  did  not  abuse  its discretion in applying Rule 23(b).  We have noted that the rule is not limited to lengthy or complex trials, and is often necessary when a juror must be excused for illness or some other reason and no alternate juror is available.  United States v. O'Brien, 898 F.2d 983, 986 (5th Cir. 1990) (upholding district court dismissal of  a  juror  suffering  from  severe  depression  and  unable  to deliberate).

III. The Jury Instruction

Johnson first contends that the District court erred in not giving a more extensive charge regarding knowledge.  He argues that the district court improperly denied his counsel's request for a definition of the terming "knowing" as to Johnson's state of mind.

---

[2]  The district court did not select any alternate jurors.

Second, he contends that the district court erred in giving an instruction on deliberate ignorance instead of an instruction requiring that the jury find that Johnson acted "knowingly" or "willfully."

We review a district court's refusal to provide a requested jury instruction for abuse of discretion. United States v. Richards, 204 F.3d 177, 204 (5th Cir. 2000). We review general challenges to jury instructions "to determine whether the court's charge, as a whole, is a correct statement of the law and whether it clearly instructs jurors as to the principles of law applicable to the factual issues confronting them." United States v. Moreno, 185 F.3d 465, 475-76 (5th Cir. 1999).

The district court did properly instruct the jury regarding whether or not Johnson acted knowingly. For the possession charge, the court instructed the jury that Johnson must knowingly possess a controlled substance, not the fact that he knowingly possessed a bag which contained a controlled substance. Regarding the conspiracy charge, the district court said that Johnson must be found to have reached an agreement to possess cocaine, that he knew of the unlawful purpose of the agreement and that he joined the agreement willfully. Any additional instructions would have been redundant. The district court did not abuse its discretion in denying the additional instruction.

As for the deliberate ignorance instruction, we have said that such an instruction is appropriate where the defendant contends

7

that he was unaware of any cocaine yet the evidence establishes that the defendant possessed cocaine.  See United States v. Moreno, 185 F.3d 465, 470 (5th Cir. 1999) (instructing the jury that it could find knowledge from the defendant's deliberate ignorance as to whether his two bags and a briefcase contained cocaine).  In this case, Johnson advanced a similar defense of lack of guilty knowledge.  Therefore, the court properly instructed the jury that it could infer knowledge from the Defendant's deliberate ignorance.

For these reasons, we affirm.

AFFIRMED.