IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 7, 2007

Charles R. Fulbruge III
Clerk

No. 06-20598

UNITED STATES OF AMERICA

Plaintiff-Appellant

v.

HUY TAN NGUYEN

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:

This appeal is from an order granting Defendant-Appellee Huy Tan Nguyen a new trial and involves an issue of first impression in this Circuit: whether a district court has the authority to grant a new trial on a ground other than one raised by a defendant's motion under Federal Rule of Criminal Procedure 33. Finding the reasoning of the Third Circuit persuasive, we hold that a district court does not have the authority to grant a new trial on a ground not raised as a basis for a new trial. Here, Nguyen did not raise the issue upon which the district court granted a new trial. Thus, the district court was without authority to do so. We reverse for the following reasons.

## I. BACKGROUND

A grand jury charged Huy Tan Nguyen with conspiracy to possess with intent to distribute cocaine. Nguyen was tried before a jury. After the government's rebuttal closing argument, the district court stated that the government had raised a new theory during its rebuttal argument. The district court then allowed the defense counsel surrebuttal. On May 24, 2006, the jury found Nguyen guilty. Pursuant to Federal Rule of Criminal Procedure 29, Nguyen filed a motion for judgment of acquittal alleging insufficient evidence, which the district court ultimately denied. On May 26, Nguyen timely filed a sealed motion for new trial, alleging newly discovered evidence under Federal Rule of Criminal Procedure 33. On June 1, the court granted a new trial in the interests of justice, finding that the government had violated Federal Rule of Criminal Procedure 29.1 by making a new assertion in its rebuttal. The government appeals.

## II. ANALYSIS

Pursuant to Rule 33, Nguyen filed a motion for new trial, asserting newly discovered evidence.[1] Although this motion was placed under seal in the district court and is not part of the record on appeal, the parties agree that the basis for the motion for new trial was allegations of newly discovered evidence. The district court did not grant a new trial on the basis of newly discovered evidence; instead, the district court ruled that the interests of justice required a new trial. More specifically, the court found that during the government's rebuttal closing argument, it raised an argument not mentioned in its closing-in-chief argument:

---

[1] Rule 33(a) provides, in pertinent part, that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Rule 33(b) provides that a motion for new trial based on newly discovered evidence must be filed within three years of the verdict, but if it is based on any other ground it must be filed within seven days after the verdict.

At the close of the jury trial in this case, the parties made their closing arguments in the order dictated by FED. R. CRIM. P. 29.1 – that is, the government presented its closing-in-chief, defense counsel replied, and the government then exercised its option to present a rebuttal argument. As is made clear by the advisory committee notes to Rule 29.1, "fair and effective administration of justice is best served if the defendant knows the arguments actually made by the prosecution in behalf of conviction before the defendant is faced with the decision whether to reply and what to reply." FED. R. CRIM. P. 29.1 advisory committee's note (emphasis added). Counsel for the government was specifically admonished, before closing arguments commenced, that no argument not mentioned in the government's closing-in-chief was to be raised in the rebuttal.

Notwithstanding the rule and the Court's instruction, however, [the government] made a completely new argument (namely, that Defendant Huy Tran [sic] Nguyen was planning to drive [his co-defendant] to the airport after the drug transaction that gave rise to this case) during his rebuttal. This theory was never even hinted at during trial or in [the government's] closing-in-chief. Although counsel for Defendants were given an opportunity to reply, that last-minute concession was inadequate to offset the government's misconduct, particularly in light of the fact that the jury instructions regarding closing arguments had not mentioned a sur-rebuttal by defense counsel. The sur-rebuttal was obviously, and through no fault of Defendant or his attorney, an ad hoc attempt to answer a charge that should have been outlined earlier. Had the government complied with the rules and with the Court's instructions, Defendant could have incorporated his response to [the government's] theory in his closing argument and structured that closing in such a way as to make the response part of the argument's narrative flow.

In sum, the government, by withholding the theory until the last minute, deprived Defendant of the opportunity effectively to address it and thereby to defend himself. Accordingly, in the interests of fairness and justice, the Court hereby GRANTS Defendant's motion for a new trial.

The government contends that the district court was without authority to grant a new trial based upon a ground not raised by Nguyen in his Rule 33 motion. A district court is "powerless to order a new trial except on the motion of the defendant." United States v. Brown, 587 F.2d 187, 189 (5th Cir. 1979) (citations omitted). Indeed, the Supreme Court has explained that a sua sponte grant of a new trial raises a "serious constitutional issue" with respect to double jeopardy. United States v. Smith, 331 U.S. 469, 475 (1947); see also FED. R. CRIM. P. 33, Advisory Committee Notes, 1966 Amendments ("The amendments to the first two sentences make it clear that a judge has no power to order a new trial on his own motion, that he can act only in response to a motion timely made by a defendant.").

Here, Nguyen did file a Rule 33 motion for a new trial; however, that motion did not raise the issue of improper closing argument, which was the basis for the district court's grant of a new trial. As previously set forth, this is an issue of first impression for this Court. The Third Circuit, however, has addressed the issue and concluded that a district court is without the authority to grant a motion for new trial on a basis not raised by the defendant. In United States v. Newman, the defendant timely moved for a new trial within the seven-day limitation. 456 F.2d 668, 669 (3d Cir. 1972). Over four months later, the district court granted a new trial on a ground not asserted by the defendant at any time. Id. The Third Circuit held that the district court had no authority to grant the motion on a different basis. Id. at 672. In making this determination, the court was persuaded, at least in part, by amendments to the rules pertaining to motions for new trial in both the federal criminal and civil rules of procedure. Id. at 669-70.[2] At the same time the drafters amended the criminal rule by adding the words "on motion of a defendant" to Rule 33, they

---

[2] The court was also concerned that the district court had granted the motion four months after the verdict. Id. at 670-71. There is no timeliness issue before us.

expanded the district court's power to grant a new trial in civil cases, specifically stating in Rule 59(d) of the Federal Rules of Civil Procedure that a new trial could be granted for "a reason not stated in the motion." Id. The Third Circuit reasoned that the drafters would have inserted similar language in the criminal rules if they intended a district court to have the power to grant a new trial on a basis not stated in the motion for new trial. Id. at 670. We find that reasoning persuasive and hold that a district court does not have the authority to grant a motion for a new trial under Rule 33 on a basis not raised by the defendant. Accord United States v. Quintanilla, 193 F.3d 1139, 1148 (10th Cir. 1999) (explaining that the court could not consider the issue as defendant did not raise it in her new trial motion).

However, as noted by the Third Circuit, the "[c]ourts have recognized a few narrow exceptions" to this rule, including allowing a district court to treat a motion for judgment of acquittal as a motion for a new trial if the arguments raised justified a new trial. United States v. Wright, 363 F.3d 237, 248 n.4 (3d Cir. 2004); cf. United States v. Moran, 393 F.3d 1, 9 (1st Cir. 2004) (explaining that if "the motion papers cannot be fairly construed as a request for a new trial, a district court does not have the authority, sua sponte, to convert a motion for judgment of acquittal into a motion for a new trial"). In his brief, Nguyen asserts that "[i]n this case, a review of the record reveals that (1) [he] sought a new trial, and (2) the basis of the Order granting a new trial was not only apparent on the record, but was specifically raised in Nguyen's Rule 29 motion as error requiring the verdict be vacated." It appears that Nguyen is attempting to contend that the district court had the authority to treat his Rule 29 motion as a Rule 33 motion for new trial.[3]

---

[3] However, at the same time Nguyen's brief contradictorily states the issue was not whether a Rule 29 motion can be construed as a request for a new trial. In light of our ultimate conclusion that Nguyen is not entitled to relief, we will assume arguendo for purposes of this appeal that Nguyen's brief raises the argument that the district court had the authority

A review of the record reveals that although Nguyen's motion for judgment of acquittal makes a passing reference to the prosecutor's improper argument, it does not sufficiently raise the issue as a basis for a new trial.  We therefore need not reach the issue of whether a district court may treat a motion for judgment of acquittal as a motion for new trial.  Because Nguyen did not adequately raise the issue of improper closing argument, the district court was without authority to grant the new trial.  We reverse the order granting a new trial.

REVERSED.

---

to treat his Rule 29 motion as a motion for a new trial.