**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 9, 2012

No. 11-40537

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAMIAN MONTALVO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:09-CR-1543-2

Before WIENER, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Damian Montalvo appeals his conviction for possessing with intent to distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii) and 18 U.S.C. § 2. We AFFIRM.

## I. Facts & Proceedings

Montalvo was charged in a superseding indictment with the following six counts: conspiring to import more than five kilograms of cocaine and more than

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40537

1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 952(a), 963, and 960(b)(1)(B) and 960(b)(1)(G) ("Count One"); conspiring to possess with intent to distribute more than five kilograms of cocaine and more than 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(ii) and 841(b)(1)(A)(vii) ("Count Two"); importing more than five kilograms of cocaine in violation of 21 U.S.C. §§ 952(a), 960(b)(1)(B) and 18 U.S.C. § 2 ("Count Three"); importing more than 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 952(a), 960 (b)(1)(G) and 18 U.S.C. § 2 ("Count Four"); possessing with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii) and 18 U.S.C. § 2 ("Count Five"), and possessing with intent to distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii) and 18 U.S.C. § 2 ("Count Six").

Montalvo was tried by a jury on the above charges. The trial lasted approximately three days, at the conclusion of which the jury deliberated for another three days. During the course of its deliberation, the jury sent three notes to the district judge indicating that it could not reach a unanimous verdict. After receiving the third note, the district judge issued an *Allen*[1] charge. That was on Monday, December 20, 2010. The jury continued to deliberate for a few more hours on that day and resumed deliberations the next morning, December 21, less than four full days before Christmas. It then returned a verdict finding Montalvo not guilty on the first five counts, but guilty on Count Six, possessing with intent to distribute more than 1,000 kilograms of marijuana. Montalvo filed a motion for a new trial, which the district court denied.

Montalvo appeals his conviction, contending that the district court abused its discretion in issuing the *Allen* charge and in denying him a new trial. In support of his appeal, Montalvo offers two jurors' affidavits which had been

---

[1] *Allen v. United States,* 164 U.S. 492, 501-02 (1896).

No. 11-40537

submitted to the district court in connection with the motion for a new trial, and which state that, although a majority of the jurors initially voted to find Montalvo not guilty on all counts, they compromised to find him guilty as to Count Six after the *Allen* charge was issued, due in part to concerns about the approaching Christmas holiday.

## II. Analysis

### A. The *Allen* Charge

We review the trial court's decision to give an *Allen* charge for abuse of discretion.[2] Specifically, we must ask whether "(1) [any] semantic deviation from approved *Allen* charges [was] so prejudicial as to require reversal and (2) the circumstances surrounding the giving of an approved *Allen* charge [were] coercive."[3] In assessing whether a charge was coercive, we are "required to consider all circumstances of the case."[4]

Montalvo does not raise any issue with respect to the verbiage of the *Allen* charge that the district court gave in this case. Indeed, the charge given in this case does not deviate from the pattern *Allen* charge approved by this court.[5] The question that we must answer, then, is whether the circumstances under which the charge was given were coercive.

Montalvo insists that the *Allen* charge was coercive because of the approaching Christmas holiday and the length of the jury's deliberations,

---

[2] *United States v. Winters*, 105 F.3d 200, 203 (5th Cir. 1997). The government asserts that Montalvo did not object to the *Allen* charge and that plain error is the proper standard of review. Contrary to the government's position, the record on appeal shows that Montalvo *did* object to the *Allen* charge in the district court, and the government has not cited to any case law that supports its position on this matter.

[3] *Id.*

[4] *United States v. Kimmel*, 777 F.2d 290, 295 (5th Cir. 1985) (citation omitted).

[5] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CRIMINAL), § 1.45 (West 2001); *see also Winters*, 105 F.3d at 203.

pointing to the two jurors' affidavits as support for this assertion. As a preliminary matter, we are prohibited from considering the jurors' affidavits under these circumstances. Subject to a few exceptions, a court may not consider the testimony of jurors.[6] Federal Rule of Evidence 606(b)(1) specifies that a juror may not testify about "any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment." A juror may testify *only* as to whether "(A) extraneous prejudicial information was improperly brought to the jury's attention; (B) an outside influence was improperly brought to bear on any juror; or (C) a mistake was made in entering the verdict on the verdict form."[7]

Montalvo does not contend that the exceptions relating to "extraneous prejudicial information" or "mistake in entering the verdict" apply in this case. He does, however, contend that the jury was subject to "outside influences" including "the length of the deliberations, the holiday season, the need to do Christmas shopping and the ongoing inability to reach a verdict." "Outside influences," however, relate to efforts by persons other than jurors to influence the jury, such as by bribery, threats of violence, or other forms of unauthorized contact between the jury and other persons.[8] This exception, therefore, does not apply to the circumstances of the instant case.

---

[6] *Tanner v. United States*, 483 U.S. 107, 118-19 (1987).

[7] FED. R. EVID. 606(b)(2).

[8] 27 WRIGHT & GOLD, FEDERAL PRACTICE AND PROCEDURE: EVIDENCE 2d § 6075 (2007); *see also United States v. Webster*, 750 F.2d 307, 338 (5th Cir. 1984) ("[W]e have distinguished between jury panels tainted by outside influence, such as publicity or direct appeals from third parties, and panels on which one or more of the jurors themselves have violated an instruction of the court.")

No. 11-40537

Furthermore, the fact that a holiday was approaching is not dispositive. In *United States v. Betancourt*,[9] we rejected a challenge to an *Allen* charge under circumstances in which the jury rendered a verdict at 10:30 PM on a stormy night and a mere two hours after the *Allen* charge was issued. We also noted that the *Betancourt* jury had not requested a recess.[10] Subsequent to *Betancourt*, we denied another *Allen* charge challenge, observing that "[t]he time of the day was not late. The day was not Friday or the day before a holiday. The weather was not alleged to be inclement."[11]

Here, although the Christmas holiday season was in progress, the *Allen* charge was not issued on "the day before a holiday," and the circumstances that might have pressured the jurors to reach a verdict were less extreme than those in *Betancourt*. Moreover, there appears to be no indication that the jury expressed any concern about the approaching holiday by requesting a recess, and the court transcript indicates that the judge neither mentioned the holiday nor set a time-frame for the jurors to complete their deliberations.

With respect to the length of the jury's deliberations, the amount of time that a jury is to be kept in deliberation is generally left to the sound discretion of the trial judge.[12] We noted in *United States v. Kimmel*, for example, that "[t]he real question is whether the jury was required to deliberate an unreasonable length of time or for unreasonable intervals or was threatened with the prospect of such unreasonably lengthy deliberations."[13] We are satisfied that the length of the deliberations in this case was not coercive. We have

---

[9] 427 F.2d 851, 854 (5th Cir. 1970).

[10] *Id.*

[11] *United States v. Bottom*, 638 F.2d 781, 788 (5th Cir. 1981).

[12] *United States v. DeLaughter*, 453 F.2d 908, 910 (5th Cir. 1972).

[13] 777 F.2d at 295 n.5 (citation omitted).

previously held periods of similar length not to be coercive.[14]  Neither did the judge in this case appear to threaten the jury with an unreasonable length of deliberations, as, for example, by issuing multiple *Allen* charges.[15]  We conclude that the district court did not abuse its discretion in issuing an *Allen* charge in this case.

## B.  Motion for a New Trial

A trial court may grant a new trial in the interest of justice under Federal Rule of Criminal Procedure 33.[16]  We review the denial of a Rule 33 motion for abuse of discretion.[17]

Montalvo moved for a new trial, not under Rule 33, but under Rule 29, the rule that permits a post-verdict motion for judgment of acquittal based on insufficiency of the evidence.  He did not, however, claim that the evidence against him was insufficient, either in his motion in the district court or on appeal.  We have not directly ruled on whether a trial court may treat a Rule 29 motion as a Rule 33 motion.[18]  And, we refrain from reaching that issue in this case because we conclude that Montalvo has not made a case for reversing the district court's denial of a new trial, even if we were to treat his motion as having been made under Rule 33.

---

[14] *Bottom*, 638 F.2d at 788 (no coercion where jury deliberated for only three and a half hours after the *Allen* charge); *United States v. Miles*, 360 F.3d 472, 482-83 (5th Cir. 2004) (noting that issuing *Allen* charge four days into jury's deliberations was not unreasonable).

[15] *See United States v. Fossler*, 597 F.2d 478, 485 (5th Cir. 1979) (finding coercion where the district judge issued a second *Allen* charge after jury sent a note stating it was unable to reach a verdict after the first *Allen* charge).

[16] FED. R. CRIM. P. 33(a).

[17] *United States v. Franklin*, 561 F.3d 398, 405 (5th Cir. 2009).

[18] *United States v. Nguyen*, 507 F.3d 836, 839-40 (5th Cir. 2007) (refraining from ruling on issue of whether Rule 29 motion may be treated as a motion for a new trial under Rule 33 where appellant did not raise sufficient grounds for new trial in Rule 29 motion).

No. 11-40537

Montalvo contends that the district court abused its discretion in denying his motion for a new trial. He asserts that the jury's verdicts on Counts Five and Six are "clearly inconsistent" because the 468 kilograms of cocaine charged in Count Five and the 1,973 kilograms of marijuana charged in Count Six "were found at the same location and were intermixed."[19]

Verdicts may be inconsistent, however, as long as there is sufficient evidence to support conviction on any count on which the jury reaches a verdict of guilty.[20] Stated differently, a court must treat each count separately, and if there is sufficient evidence to convict on the count in question, the verdict must stand and a new trial is not appropriate.[21] Moreover, an acquittal on one count does not prevent conviction on another count, even if the evidence is the same and the defendant could not have committed one crime without committing both.[22]

Even if we were to assume *arguendo* that the verdicts on Counts Five and Six are inconsistent, Montalvo's guilty verdict on Count Six must stand as long

---

[19] Montalvo also claims that the district court denied his motion for a new trial "in fairness to the Government"; however, he has cited to nothing in the record that supports this contention. The appellant has the "responsibility to order parts of the record which he contends contain error and his failure to do so prevents [this court] from reviewing this assignment of error." *United States v. O'Brien*, 898 F.2d 983, 985 (5th Cir. 1990) (citations omitted).

[20] *United States v. Powell*, 469 U.S. 57, 69 (1984) (holding that acquittal on charges of conspiracy to possess cocaine and possession of cocaine did not require setting aside conviction for using a telephone in committing and in causing and facilitating the alleged conspiracy and possession); *United States v. Gieger*, 190 F.3d 661, 664 (5th Cir. 1999) ("[I]nconsistent verdicts are not a bar to conviction, so long as there is sufficient evidence to support the jury's determination of guilt.").

[21] *Powell*, 469 U.S. at 62-63; *United States v. De La Torre*, 634 F.2d 792, 796 (5th Cir. 1981) (noting that, in a multicount indictment, each count is considered separately and a guilty verdict on any count may stand if supported by the evidence, without regard to verdict on other counts).

[22] P*owell*, 469 U.S. at 68-69; *Gieger*, 190 F.3d at 664.

7

as there was sufficient evidence to support that count's charge of possession with intent to distribute marijuana. As we have already noted, Montalvo makes *no* argument that the evidence was insufficient for the jury to render a guilty verdict on such possession. We are satisfied that the district court was within its discretion in denying Montalvo's motion for a new trial.

### III.  Conclusion

Under the instant circumstances, the district court did not abuse its discretion in giving the jury the *Allen* charge or in denying Montalvo's motion for a new trial. Accordingly, the jury's verdict is AFFIRMED.