LILJEBERG, J.,
dissents with reasons.
liFor the reasons set forth below, I must respectfully dissent from the majority opinion. First, I disagree with the majority’s finding that the trial judge properly granted a new trial on grounds not raised in defendant’s motion for new trial. This supposition is not founded in our state’s jurisprudence, nor is it supported by the language of the Code of Criminal Procedure. La.C.Cr.P. arts. 851, 852 and 856, taken together, state that only upon motion of the defendant, wherein defendant in writing shall raise all grounds upon which the motion is based, shall a trial judge grant a new trial where it has been shown that injustice has been done to the defendant. Here, defendant properly moved for a new trial prior to sentencing. However, he raised only one ground — newly discovered evidence. Notwithstanding, the trial judge failed to rule on the properly filed motion before him and sua sponte granted defendant a new trial in the interest of justice finding that the verdict was contrary to the law and evidence, a ground not urged by defendant.
Whether a trial court may grant a new trial on a ground not raised by the defendant appears to be an issue of first impression in Louisiana; however, in U.S. v. Nguyen, 507 F.3d 836 (5th Cir.2007), the Fifth Circuit Court of Appeals, finding this same issue to be one of first impression in its circuit, held that a district court does not have authority to grant a new trial |2on a ground not raised by the defendant under Federal Rule of Criminal Procedure 33.[1] In Nguyen, almost factually indistinguishable from the instant case, the defendant moved for a new trial pursuant to Rule 33 on the basis of newly discovered evidence; however, the court ultimately granted the defendant a new trial in the interest of fairness and justice, finding that the government made an improper rebuttal argument at trial. On appeal, the government contended that the district court was without authority to grant a new trial based upon a ground not raised by Nguyen in his Rule 33 motion, noting, that a district court is “powerless to order a new trial except on the motion of defendant.” Id. (citing United States v. Brown, 587 F.2d 187, 189 (5th Cir.1979)). And further arguing, the Supreme Court has explained that a sua sponte grant of a new trial raises a “serious constitutional issue with respect to double jeopardy.” Id. at 838 *157 (citing United States v. Smith, 331 U.S. 469, 475, 67 S.Ct. 1330, 91 L.Ed. 1610 (1947)). The Fifth Circuit agreed, following the Third Circuit in United States v. Newman, 456 F.2d 668 (3d Cir.1972) in holding that a district court does not have the authority to grant a new trial on a basis not raised by the defendant. The Fifth Circuit reasoned that the Newman court based its ruling, at least in part, on the language of Rule 33 governing motions for new trial. Nguyen, 507 F.3d at 839. Specifically, the Newman court acknowledged that the drafters added the words “on motion of a defendant” to Rule 33 at the same time they “expanded the district court’s power to grant a new trial in civil cases, specifically stating in Rule 59(d) of the Federal Rules of Civil Procedure that a new trial could be granted for ‘a reason not stated in the motion.’ ” Id. The Fifth Circuit found the Newman Court’s reasoning persuasive, explaining that “the drafters would have inserted similar language in the criminal rules |aif they intended a district court to have the power to grant a new trial on a basis not stated in the motion for new trial.”[2] Id. Thus, the Fifth Circuit reversed the district court’s order granting the defendant a new trial.
Similarly, Louisiana Code of Civil Procedure Article 1971 provides that “[a] new trial may be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues, or for reargument only.” The Nguyen rationale, i.e., that the drafters would have inserted similar language if it intended that the trial court have the plenary power to grant a new trial on any or all grounds on its own motion, applies here also.
La.C.Cr.P. art. 851(5), as acknowledged by its revision comments, gives the trial court plenary power to grant a new trial even where the defendant may not be entitled to one as a matter of strict legal right, where the court believes the ends of justice would be served. However, the defendant must raise the grounds upon which the court may grant the new trial.
Here, the trial court granted defendant a new trial in the interest of justice, finding the verdict to be contrary to the law and evidence where only newly discovered evidence was raised by the defendant. I would find, contrary to the majority’s opinion, that the trial court was without authority to exercise his plenary power to grant a new trial in the interest of justice on any other basis.
Second, I disagree with the majority’s finding that the trial judge sufficiently provided reasons for his grant of a new trial in the interest of justice. Pursuant to this Court’s order, the trial court provided the following | ¿reasons as to why the motion for new trial was granted pursuant to La. C.Cr.P. art. 851(5):
The court after hearing the testimony of the witnesses, watching their demeanor while testifying, and considering the evidence presented by all parties, has reasonable doubt as to the guilt of the defendant.
Therefore, the court believes that the ends of justice would best be served by granting defendant, Quincy McKinnies, a new trial.
In State v. Guillory, 10-1231(La.10/8/10), 45 So.3d 612 at 614-15, the Louisiana Supreme Court determined that a grant or denial of a motion for new trial pursuant to La.C.Cr.P. art. 851(5) *158 presents a question of law that is subject to appellate review and is reviewed for abuse of discretion.
Based on the guidance of the supreme court in Guillory,[3] I would find that the trial court failed to articulate its concerns with which it was led to have reasonable doubt as to the guilt of the defendant, or why the granting of a new trial would serve the ends of justice. The trial court failed to point to any specific testimony or evidence that gave rise to its doubt as to the defendant’s guilt. Therefore, I would further find that the trial court’s grant of a new trial was an error of law because it provided nothing to support the exercise of its discretion.

. F.R.Cr.P. Rule 33 is substantially similar to La.C.Cr.P. art. 851.

. See also, United States v. Quintanilla, 193 F.3d 1139, 1148 (10th Cir.1999), cert. denied, 529 U.S. 1029, 120 S.Ct. 1442, 146 L.Ed.2d 330 (2000) (explaining that the court could not consider the issue as the defendant did not raise it in her new trial motion).

. "Where the trial court exercises its discretion and fails to identify the concerns it had with the trial ... the decision to grant a new trial [is] an error of law because there is nothing to support the exercise of the trial court's discretion. An articulation of what concerns the court had and with what issues would better enable the higher courts to review for an abuse of discretion.” Guillory, 10-1231, 45 So.3d at 617 (citing State v. Miller, 05-1111, pp. 3-4 (La.3/10/06), 923 So.2d 625, 627).